FARMERS' LOAN & TRUST CO. v. NORTHERN PAC. R. CO. et al.
(WATTS, Intervener).

(Circuit Court, D. Oregon.   May 20, 1896.)

RAILROAD RECEIVERSHIPS—PREFERENTIAL CLAIMS—DAMAGES FOR NEGLIGENCE.
   When a receiver of a railroad has been appointed in a suit for the foreclosure of a mortgage upon the road, and no order has been made, as a condition of such appointment, for the payment of claims for dam-

ages, a judgment against the railroad company for damages, caused by its negligence in the operation of its road, subsequent to the mortgage and before the receivership, is not entitled to payment by the receiver in preference to the mortgage debt.

Petition of L. W. Watts for preference of claim over the mortgage indebtedness.

John H. Woodward, for petitioner.
Cyrus A. Dolph, for receiver.
Cox, Cotton, Teal & Minor, for complainant.

GILBERT, Circuit Judge. L. W. Watts presents a petition for an order instructing the receiver to pay out of moneys in his hands the petitioner's judgment for damages against the Northern Pacific Railroad Company. The judgment is based upon the negligent act of the company in killing stock belonging to the petitioner while operating its road, about two months prior to the date when the road went into the hands of receivers. The question is presented whether or not such a claim is entitled to preference over the mortgage liens upon the road, which were made and recorded prior to the date of the act of negligence on which the claim is based. Certain classes of debts of railroad companies which were incurred before the road went into receivership have been held by the courts to be entitled to payment in preference to prior mortgage liens. They have been so paid upon two distinct grounds: First, it is held that the court appointing the receiver is vested with discretionary power to make such order concerning the payment of existing liabilities as shall be equitable and just, as a condition precedent to assuming control over the property at the suit of the lienholder, and that the court is not without power in such a case to require that the receiver pay claims other than those that had their origin in contracts for the supply, equipment, betterment, management, or maintenance of the road, and that there might even be included in such order the payment of claims that arose from the negligent acts of the company. Fosdick v. Schall, 99 U. S. 235; Trust Co. v. Souther, 107 U. S. 591, 2 Sup. Ct. 295; Farmers' Loan & Trust Co. v. Kansas City, W. & N. W. R. Co., 53 Fed. 182. In the second place, it has been held that certain debts contracted by the railroad company within a reasonable time prior to the appointment of the receiver are payable by him out of the income, for the reason that they belong to the class of claims known as preferential. Their allowance and payment does not depend upon the authority of an order of court made at the inception of the receivership, but upon their inherently equitable nature, arising from the fact that they represent supplies furnished to the road for its operation or equipment, or the wages due its operatives, whose assistance was indispensable to its maintenance as a going concern, or the balances due from the road to connecting roads. In so preferring such claims the courts have recognized the fact that a mortgage upon a railroad in some respects differs from the ordinary mortgage upon real estate; that the railroad

company, having received its franchises from the public, and being in a sense a public instrument for the carriage of freight, passengers, and mail, owes duties to the public, one of which is that its operation be continuous and uninterrupted; and that he who loans his money upon a railroad mortgage must be presumed to be aware of that fact, and to take his security with notice that its value may depend upon the continued use of the property, and that, in order to maintain its value and preserve its franchises, there must be a continuous supply of funds, labor, and material furnished upon its credit; and the courts have sustained the claims of such creditors, and have ordered their payment by the receiver upon the ground that the mortgagee, while his claim is anterior in time to the claims of such creditors, has nevertheless received the benefit of the supplies, etc., by means of which his security has been preserved and protected, or upon the ground that his lien upon the net earnings contemplates their payment. No such equity presents itself in the case of one whose claim is based upon the negligent act of the corporation. Such claims for injuries occurring under the receiver's own management are paid, it is true, in preference to the mortgage debt, not for the reason of their preferential nature, nor because of any superior equity in their favor over claims for damages which arose before the receiver was appointed, but because they are liabilities which were incurred by the receiver in the course of his own operation of the road, and are payable by him as other expenses of the management. But he who has a claim of damages for a negligent act of the railroad company prior to the receivership has no recognized equitable ground for demanding a preferred payment. He has done no act by which either the railroad company or the mortgagee has profited, nor has he surrendered property which has in any way inured to their benefit. Accidents, it is true, are liable to occur, and do occur, in the operation of all railroads, and it is impossible to wholly avoid them; but it cannot be said that they are necessary to the road's existence in the same sense that supplies are necessary. Indeed, the right to recover damages on account of such acts is predicated upon the fact that the acts were not necessary to the proper management of the road. He who lends his money on railroad security undoubtedly does so with the contingency that the company may require supplies and equipment, and that, if it become necessary for the protection of the security that a court of chancery shall assume control over the mortgaged property, such claims may intervene between him and the payment of his lien. He incurs also the risk of the negligent conduct of the railroad company, so far as it may directly affect the condition or value of the property. But it cannot be said, and no court has held, that he assumes the risk of the negligence of the railroad company whereby injury results to third persons, and that he, in effect, becomes responsible for the torts which such railroad company may commit against others. The doctrine of the preferential claim is itself an innovation upon the law of liens. It is a recognition of the peculiar nature of the railroad mortgage, and arises

either from the consideration of the fact that the mortgage creates a lien upon the net income, or it grows out of the necessity of the case,—that is, the necessity for the continued operation, equipment, and preservation of the road. While there are cogent reasons that may be urged in favor of the proposition that the lender of money upon railroad security, having furnished in the first instance the fund out of which the road is built, and without which it could not have been created, and having thereby aided in putting into operation a powerful and dangerous agency through the imperfection of which injury must result to others, and having taken a lien upon the road, its equipment and its earnings, and having become in a sense a party in interest with the railroad company in its operation and maintenance, should in equity hold a lien second to him who is injured by the railroad company in its ordinary course of business, thus following by analogy the law maritime, the courts are, nevertheless, not justified in departing from the established precedents which govern property rights, and in violating the obligation of contracts by making a new rule in cases of this kind. In view of the settled maxims of equity and their application as found in the decisions of the courts, no satisfactory reason presents itself on which an exception in such a case can be based, or upon which it can be held that he who loans upon railroad security assumes the risk of loss from the negligent act of the railroad company to strangers more than that he who loans upon a mortgage on real estate assumes the risk of the owner's negligent act to his neighbors, or why in the one case more than in the other the mortgage lien should be postponed to the demand of the injured person for damages. The fact that a receiver has been appointed in any case does not of itself create new equities in favor of creditors.

The petitioner relies upon the reasoning of the circuit court of the district of Washington in deciding the case of Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 71 Fed. 245. In that case the court ordered the receiver to pay as a preferential debt the demand of two sureties, who, prior to the receivership, had at the request of the railroad company executed a bond for a stay upon an appeal from a judgment rendered against the company, whereby the judgment creditor had been prevented from collecting his debt, and who upon final judgment had paid the debt. There can be no doubt of the correctness of that conclusion. By executing the stay bond the sureties had enabled the railroad company to retain among its assets the money that would otherwise have gone to pay the judgment, and the lienholders indirectly received the benefit of its retention. After the sureties had finally discharged their liability by paying the judgment creditor, they were entitled to repayment out of the fund they had thus conserved. In the course of the opinion, it is true, the court reasoned upon premises sufficiently broad to include among preferential claims the claim for damages from the company's negligence, but in that respect the opinion involves the recognition of a doctrine which is in advance of the adjudication of other courts. It is proper to note that the

learned judge in deciding that case relied largely upon the decision of Judge Caldwell in Farmers' Loan & Trust Co. v. Kansas City, W. & N. W. R. Co., 53 Fed. 182. That was a case in which the court, in appointing the receiver, had made it a condition precedent to assuming control of the property that the receiver pay a specified floating indebtedness of the railroad company, among which were liabilities for injury to persons and property which had accrued since the execution of the mortgage. The court, following the doctrine that the appointment of a receiver is the exercise of discretionary power, held that in making the appointment it might impose such terms as it deemed just, and that the trustee representing the bondholders, having assented to the terms imposed at the time, had no standing in court thereafter to impeach the transaction; but the learned judge who rendered that decision later participated in a decision of the circuit court of appeals for the Eighth circuit, in which the whole subject is carefully considered, and all the authorities bearing upon the question are reviewed, and he assented to the conclusion there reached that a claim for damages for the negligent act of the railroad company, committed shortly prior to the receivership, is not a preferential claim to be paid at the expense of the mortgage liens. Trust Co. v. Riley, 16 C. C. A. 610, 70 Fed. 32. The petition must be denied.