DILLON v. OREGON S. L. & U. N. RY. CO. et al.

(Circuit Court, D. Oregon. July 21, 1896.)

No. 2,154.

RAILROAD RECEIVERS—PAYMENT OF JUDGMENT.

A petition for payment, by the receivers of a railroad system, of a judgment against one of the subsidiary companies in preference to an antecedent mortgage, will not be allowed by a court other than that which appointed the receivers, it not appearing that any funds have come into the hands of the receivers from the operation of the subsidiary line.

Alfred S. Bennett, for petitioner.

J. N. Dolph, Zera Snow, and J. N. Davis, for complainant, receivers, and defendants.

GILBERT, Circuit Judge. The petitioner, Frank Tracy, intervening in this cause, applies for an order requiring the receivers to pay a judgment which was rendered in his favor in this court, based upon the negligence of the Oregon Short Line & Utah Northern Railway Company, occurring prior to the time when that road went into the hands of receivers. Upon the argument, counsel for petitioner seeks to distinguish the petition in this case from that of L. W. Watts in Farmers' Loan & Trust Co. v. Northern Pac. R. Co. (recently denied by this court) 74 Fed. 431, upon the ground that in this case it appears that there are funds in the hands of the receivers, arising out of the operation of the railroad prior to the time when receivers were appointed, and that such funds are applicable to the payment of claims such as the petitioner's, rather than to the payment of the mortgage liens which existed at the time of the negligent act out of which his claim arose. Without attempting to pass upon the question whether or not such funds would be applicable to the payment of a claim of this nature, it is sufficient for the disposition of this petition upon the demurrers which are interposed to refer to the fact that it does not appear from the petition, nor does it appear from the papers or reports of receivers on file in this cause, that any funds have come into the hands of the receivers from the operation of the Oregon Short Line & Utah Northern Railway Company, the judgment debtor in this case. The petition shows only that upon the appointment of receivers of the Union Pacific System, including the Oregon Short Line & Utah Northern Railway Company, there were in the hands of the officers and agents of said last-named corporation large sums of money, much in excess of the amount necessary to pay the petitioner's claim and all claims of a similar character, and all other operating expenses which were due and unpaid. There is no allegation that this money went into the hands of the present receivers. The petition, it is true, contains the further allegation that the receivers of the Union Pacific System received from the business of the Oregon Short Line & Utah Northern Railway Company, under their operation, an amount necessary to pay all the operating expenses of said road, including the petitioner's claim, and all other claims of a similar character; but if it were conceded that this court would have the right to take the earnings of the road under the first receivership, and before the commencement of the suit to foreclose the Dillon mortgage, and apply the same to claims of the character of that which is here presented, it is impossible, under any of the averments of the petition, to say that there are funds which may properly be thus diverted. The Union Pacific System, so operated by said receivers, consisted of other lines in addition to those of the judgment debtor in this case. Under such receivership, the Oregon Short Line & Utah Northern Railway was not operated as a separate or distinct line. This is not the court in which said receivers were first appointed, and it is not the court which has jurisdiction of their

final account. Under all the allegations of the petition, it does not appear that the petitioner's claim can be adjusted by this court, or by any court other than that which must pass upon and adjust the final account of the receivers. The demurrer must therefore be sustained