JOHN O'CONNELL, Plaintiff in Error, *vs.* STATE OF MINNESOTA,
Defendant in Error.

### ERROR TO THE DISTRICT COURT OF WRIGHT COUNTY.

An indictment for rape charging that A. B. on &c., "in the county of Wright, did feloniously ravish and forcibly and against her will carnally know one ' C. D., a woman of the age of ten years and upwards, against the peace and dignity of the State," is sufficient.

It is not necessary to allege the crime to have been committed at any particular place within the county named, nor that the words "forcibly and against her will" should follow the word ravish; the latter is the essential word. and imports not only force and violence on the part of the man, but resistance on the part of the woman—nor is it essential to charge an assault in terms. The statute authorizes the jury to convict for an assault with intent to commit a rape, on the trial of such an indictment, and, upon such conviction, the punishment is prescribed by *Section* 40 *of Chapter* 89, *Comp. Stat.,* 706.

An indictment for rape should not conclude *contra formam statuti.*

The following is a copy of the indictment in this case :

"John O'Connell is accused by the Grand Jury of the county of Wright, by their indictment, of the crime of rape, committed as follows :

" The said John O'Connell, on the seventeenth day of February, A. D. 1861, in the county of Wright, did feloniously ravish and forcibly and against her will carnally know one Barbara Oehrlein, a woman of the age of ten years or upward, against the peace and dignity. of the State of Minnesota."

The Jury rendered the following verdict :

" The Jury find the Defendant John O'Connell not guilty of the rape, but guilty of an assault with an attempt to commit rape."

The prisoner was sentenced as follows :

" The judgment of the law is that you, John O'Connell, be punished by confinement to hard labor in the State Prison at Stillwater for the term of ten years, the first twenty days of which term shall be passed in solitary confinement."

Points and Authorities of Plaintiff in Error.

A writ of error lies to correct error in the record not amendable or cured by verdict. *Bouv. L. Dict., Vol. 2; Title Writ of Error*, 3; *People vs. Stockham*, 1 *Park. Criminal Reports*, 424.

Error in substance in an indictment can only be amended by the Grand Jury and is not cured by verdict. *State vs. Armstrong*, 4 *Minn.*, 339, 340; *State vs. Hinkley*, 4 *Min.*, 362, 363.

Judgment below should be reversed, because,—

1st. The indictment fails to state facts' sufficient to constitute rape or assault with intent to commit rape, and hence cannot support the conviction and sentence herein. *Wharton Am. Cr. Law, 4th Ed.*, sec. 285 *and note.*

*a.* The indictment must contain " a statement of the acts constituting the offence in ordinary and concise language." *Comp. Stat.*, *p.* 755, *sec.* 66, as commented on in 4*th Minn.*, 357, 358.

*b.* It must be direct and certain as to " the particular circumstances of the offence charged when necessary to constitute a complete offence." *Comp. Stat., p.* 759, *secs.* 69, 3.

*c.* The "Acts constituting rape and the particular circumstances of that offence" are,—

1st. An assault upon the injured party by the Defendant.

2d. A forcible ravishment against the will of the female.

3d. Carnal knowledge of her had by force and against her will.

*d.* The approved common law form is in *Archibald*—"that A. B. on the —— day of ——, at —— in said county, did violently and feloniously make an assault upon the body of ——, and her the said A. B. then and there violently and against her will did ravish and carnally know against the form of the statute, &c."

*e.* An indictment for rape cannot be drawn here as at common law, though the indictment in this case fails, both at common law and under the statute. *Abstract folios*, 192.

*f.* Rape at common law is the unlawful carnal knowledge

of a woman where she does not consent. *Statute Westminster*, 2, *chap.* 34; 3 *Greenl. on Ev., p.* 208, *note* 2, 3*d Ed.*

*g.* By our statute it is the forcible ravishment and carnal knowledge of a woman over the age of ten years against her will. *Comp. Stat., p.* 706, *sec.* 39, *p.* 757, *form No.* 11.

*h.* Under our statute the present indictment fails in not stating the acts necessarily making up the crime of rape.

I.—It alleges no assault upon the injured party, without which no ravishment can be felonious or even exist. See *Abstract, folio* 1.

*a.* To convict of rape or assault with intent to commit it, it must appear that the female resisted as far as she could. *People vs. Morrison,* 1 *Park. Crim. R.,* 644; *Comp. Stat., p.* 784, *sec.* 255, *p.* 783, *sec.* 254.

II.—The indictment simply says "feloniously" ravished, which is not equivalent to nor synonymous with "by force and against her will." *Comp. Stat., p.* 706, *sec.* 39.

*a.* Where the statute defines an offence and the "acts constituting it," and states the elements composing it, no other than the statute or synonymous words will answer in the indictment. *Wharton's Am. Cr. Law,* 4th *Ed., sec.* 364 *to* 367, and cases cited; *Peek vs. State,* 2 *Humph.,* 78; *State vs. Stedman,* 7 *Porter,* 495; *Ike vs. State,* 23 *Miss.,* 525; *Ewbanks vs. State,* 17 *Ala.,* 181; *State vs. Eldridge,* 7 *Eng.,* 608.

*b.* "Feloniously" under our statute does not even mean with intent to commit felony, but "criminally," and would equally well apply to misdemeanors as to crimes, as "crimes" embrace both. *Comp. Stat., p.* 736, *sec.* 18; *Id., p.* 700, *sec.* 2.

*c.* "Feloniously ravished" might suffice at common law, but not under our statute, and the definition of rape under our law. *Comp. Stat., p.* 706, *sec.* 39; *Id., p.* 757, *form No.* 11.

*d.* The words "forcibly and against her will," the gist of the crime, are not spoken of the ravishment, but only of the carnal knowledge, and the indictment therein is fatally defective. *Comp. Stat., p.* 706, *sec.* 39 ; 1 *Russell on Crimes,* 561; *State vs. Jim,* 1 *Dev.,* 142.

*e.* "An indictment for intent to commit rape containing no allegation of force is defective and furnishes no basis for a

judgment." *State vs. Blake*, 39 *Maine*, 322, and cases there cited.

The Maine statute as to rape is the same as ours, and the indictment in the above case used the word "violently" as in the common law form.

III.—" No place within the jurisdiction of the Court" (*ie* the county,) is stated where the offence was committed. Not only the county but town or other place should appear. *Comp. Stat.*, page 760, *secs.* 76, 4; *Com. vs. Springfield*, 7 *Mass.*, 9; 7 *Mass.*, 13; 2 *Hawk.*, *chap.* 22, *sec.* 92; *Ibid.*, *chap.* 23, *sec.* 92; 6 *Co.*, 14 *Murphey*, 30; *State vs. Roberts*, 24 *Maine*, 374.

IV.—The indictment does not conclude against the form of the statute, though rape is a statutory crime. ·*Wharton's Am. Crim. Law*, *sec.* 411, 4*th Ed.*, and cases cited; *State vs. Dick*, 2 *Murph.*, 388; *People vs. Enoch*, 13 *Wend.*, 159, 175; 7 *Mass.*, 9, 11; 2 *Ib*, 116; 11 *Ib*, 279, *c*, and if not so concluding is defective. *Hardin*, 95; 11 *Mass.*, 279; *Francisco vs. State*, 1 *Carter*, 179; *State vs. Pool*, 2 *Dev.*, 202; *Fuller vs. State*, 1 *Blackf.*, 163.

V.—The sentence herein is excessive. *Comp. Stat.*, *p.* 706, *sec.*.41, (as to the punishment,) is repealed by *Comp. Stat*, *p.* 707, *sec.* 45, which is last in numerical order. *Comp. Stat.*, *p.* 117, *sec.* 13.

· To construe *sec.* 45, *p.* 707, *Comp. Stat.*, so that the words "the punishment of which assault, &c.," should apply to the words burglary, rape, &c., is absurd, because,—

*a.* There can be but one kind of assault with intent to commit rape, and it would be nonsense to include rape, burglary, &c., if the qualifying words apply to them.

*b.* The qualifying words evidently apply to the words "or any felony," also the enumeration of assaults theretofore punishable would be useless, and the statute must receive such a construction as to give it effect.

*c.* The obvious meaning of the statute is that attempts to commit the felonies there enumerated, and all felonious assaults not specifically punishable before, should be within its operation.

Points and Authorities of Defendant in Error.

I.—No bill of exceptions accompanies the record in this case, nor does it appear that any exception was taken to the indictment in the Court below.

This Court will not entertain questions which have not received the actual decision of the tribunal from which they came, unless it is evident that substantial error has been committed, and adequate relief cannot be had from the Court below. ' 3 *Min.*, 141; 4 *ib.*, 169.

II.—The statute creates no new offence, but simply defines the crime as it existed at common law.

The gist of the crime is the unlawful and carnal knowledge of the woman by force and against her will.

The word ravish imports force in the man, and want of consent in the woman ; the addition of these words would 'have been simple tautology, and is neither required by the statute or common law. *Harman vs. Commonwealth*, 12 *Sergt. and Rawle,* 69; *Bouvier's Law Dict.*, 409; 1 *Russ. on Cr.*, 674 *and* 686; *sec. 39, p.* 706, *Com. Stat.*

III.—Rape was a felony at common law, and the conclusion, "*contra formam statuti,*" is unnecessary. 1 *Russ. on Cr.*, 686.

IV.—The objections to the conclusion of the indictment, and that no place within the jurisdiction of 'the Court is stated; should have been' taken by demurrer, and are not open to the Defendant here. *Sec. 126, p.* 766, *Comp. Stat.*

V.—The sentence within the limits prescribed by 'law was within the discretion of the Court below. *Sec. 41, page* 706, *Comp. Stat.*

The evidence is not before this Court, but it is to be presumed that the facts proved warranted the sentence.

EDWARD HARTLEY, Counsel for Plaintiff in Error.

GORDON E. COLE, Attorney General.

*By the Court*—EMMETT, C. J.—The indictment in this case charges that the Defendant on, &c., " in this county of Wright

did feloniously ravish and forcibly and against her will carnally know one Barbara Oehrlein, a woman of the age of ten years and upwards, against the peace and dignity of the State of Minnesota."

On the trial the jury found the Defendant " not guilty of the rape, but guilty of an assault with intent to commit a rape," and the Court thereupon sentenced him to ten years imprisonment in the penitentiary.

The Defendant claims that this indictment is insufficient in this, that it does not charge an assault, without which he could not be convicted of the offence of which he was found guilty, in that it does not charge that he ravished " forcibly and against the will " of said Barbara; in that it does not allege the crime to have been committed at any place within the jurisdiction of the Court, and because it does not conclude "against the form of the statute." He also insists that the sentence is for a term not warranted by the statute, which prescribes the punishment for the offence of which he was convicted.

The statute upon which the indictment was founded is as follows :

" If any person shall ravish and carnally know any female of the age of ten years or more, by force and against her will, he shall be punished by imprisonment in the Territorial [State] prison not more than thirty years nor less than ten years ; but if the female on trial shall be proven to have been at the time of the offence a common prostitute, he may be imprisoned not more than one year." *Comp. Stat.,* 706, *sec.* 38.

The form of indictment for rape, suggested by the statute, states the charge thus :

" Forcibly ravished C D, a woman of the age of ten years and upwards." And the statute further provides that it shall be sufficient to follow substantially the forms prescribed.

It is observable that this form omits the assault ; and notwithstanding the statute prescribing the punishment uses the word, " and carnally know by force and against her will," these words also are omitted. The reason these words, or their equivalents were not deemed essential, was because they are all included or embraced in the word " ravish " or rav-

ished, which is the essential word in all indictments for rape. It imports not only force and violence on the part of the man, but resistance on the part of the woman. When therefore it is charged that A. B. feloniously ravished C. D., it is but a repetition to add that he carnally knew her forcibly and against her will.

The form of the indictment at common law charged that the Defendant therein, "in and upon one C. D. feloniously and violently did make an assault, and her, the said C. D., then violently and against her will feloniously did ravish and carnally know." But even at common law, where the greatest particularity was required, it was long since held that an indictment omitting the assault was not defective; and that the words "feloniously did ravish" were sufficient without the words "carnally know," and "forcibly and against her will."

We think that so far as this objection is concerned, this indictment is not only good under the statute, as substantially following the form prescribed, but that it would have been sufficient at common law also. It is far stronger than the statutory form, because it charges the act to have been done "feloniously," while the form uses the word "forcibly" instead. The former includes the latter, and is a much more appropriate term, but as the statutory form does not make use of it, it cannot be deemed essential.

As to the objection that no place is named within the jurisdiction of the Court where the crime was committed, we think the allegation that the acts were done in the county, is all that is necessary. It is not necessary to state the particular place within the county.

The crime of rape is a crime at common law, and the indictment therefore need not conclude *contra formam statuti*. The statute does not define the crime, but prescribes the punishment.

The right of the jury to convict of an assault with intent to commit a rape, although the indictment is for a rape only, is clearly given by the Statute, (*Comp. Stat.*, 783, *sec.* 20,) which provides that "upon an indictment for any offence the jury may find the Defendant not guilty of the commission thereof, and guilty of an attempt to commit the same." It is

however contended that the sentence in this case exceeds the term of punishment which the law prescribes for the offence of which the defendant was convicted.

The punishment for assaulting a female with intent to commit the crime of rape, as prescribed by *sec.* 40 *on page* 706 *of the Comp. Stat.*, is imprisonment in the penitentiary for a term not more than ten years nor less than one year.   But as *section* 44 of the same chapter provides that "if any person shall assault another with intent to commit any burglary, robbery, rape, * * * or other felony, the punishment of which assault is not herein [in this chapter] prescribed, [he] shall be punished by imprisonment, &c., not more than three years nor less than six months, or by fine, &c.," the Defendant insists that the punishment prescribed by said *section* 44 must govern, because it is the last in numerical order, according to the rule of construction laid down by the statute.   *Comp. Stat.*, 117, *sec.* 20.

The rule to which we are thus referred expressly provides, however, that it need not be followed if such construction be inconsistent with the meaning of the chapter.   And we think it would be entirely inconsistent with the meaning of the chapter in which the sections above recited occur, to hold that a section which is expressly directed to the punishment of a particular offence, should be rendered null by a mere implication, because a subsequent section, which is general in its character and intended to cover or provide against omissions, happens to mention the same offence in general terms.   Besides, this subsequent section expressly excepts those assaults, the punishment for which has been therein [in said chapter] prescribed; and we have seen that *section* 40 prescribes the punishment for an assault with intent to commit a rape.   We hold that the section which refers alone to the punishment of this particular crime is the one that should govern, and as the sentence is within the limits of the discretion. therein given to the Court, it is not excessive or unauthorized.

We have been unable to discover error in this record, and we must accordingly affirm the judgment of the District Court.