HENRY P. IDE *vs.* NORMAN B. HARWOOD, Defendant, CURTIS H. PETTIT, Garnishee, and others, Claimants.

### February 6, 1883.

**Garnishment of Assignee under Fraudulent Assignment Ineffectual to Attach Book-Accounts.**—The defendant made a general assignment of all his property for the benefit of creditors.   The assignment included certain book-accounts, and the account-books were delivered to the assignee.   The assignment was fraudulent and void as to creditors.   The plaintiff sought to garnish the debts (book-accounts) by service of garnishee summons upon the assignee.   *Held* ineffectual, and that garnishment could only be made by service of the proper garnishee summons upon the debtors owing such debts.

Plaintiff commenced this action in the district court for Hennepin county, and garnished Curtis H. Pettit, the assignee of defendant under an assignment for the benefit of creditors.   Upon the disclosure of the garnishee, plaintiff obtained leave to file a supplemental complaint against the garnishee, seeking to reach not only the funds in the hands of the garnishee at the time the garnishee summons was served, but also the book-accounts owing by Harwood's debtors, and which had been included in the assignment to the garnishee. Various creditors of Harwood, who had garnished his debtors directly, appeared as claimants, and were made parties by stipulation.   Thereupon the action proceeded and was tried before *Young,* J., who found the assignment to the garnishee to be fraudulent and void as to creditors, ordered judgment in plaintiff's favor for the funds actually in

the hands of the garnishee, and not attached, at the time of the service of the garnishee summons, and refused judgment in plaintiff's favor as to the uncollected book-accounts included in the assignment by defendant to the garnishee. Plaintiff appeals from an order refusing a new trial.

*Rogers & Rogers*, for appellant.

*Rea, Woolley & Kitchel, Atwater & Atwater, J. B. Atwater, E. C. Chatfield* and *C. J. Bartleson*, for respondents.

DICKINSON, J.* The defendant Harwood, being largely indebted to this plaintiff and to numerous other persons, made a general assignment to the garnishee, Pettit, for the benefit of his creditors. The assignment included book-accounts owing to Harwood. The account-books in which these debts were charged came into the possession of Pettit as such assignee. This plaintiff thereafter commenced an action against Harwood to recover his debt, and in the action garnished Pettit by the service of a garnishee summons upon him. By supplemental complaint, filed after the disclosure of the garnishee, the assignment of Harwood was alleged to have been fraudulently made, and such proceedings were had that judgment was entered, adjudging such assignment fraudulent and void as to creditors.

The controversy upon this appeal is whether the service of the garnishee summons upon Pettit attached the unpaid debts (book-accounts) owing to Harwood. The claim of the plaintiff is contested by other creditors of Harwood, who assert rights respecting the same debts which are the subject of this controversy. They have been, by stipulation, made parties in this proceeding.

The substance of the statute relating to garnishment (Gen. St. 1878, c. 66, tit. 10,) is, so far as need be here considered, as follows: In an action for the recovery of money, upon the filing of an affidavit showing that a person named "has property, money, or effects in his hands, or under his control, belonging to the defendant in such action, or that such person is indebted to the defendant," a garnishee summons may be issued against such person. Section 164. The summons shall require the person to whom it is directed (garnishee)

*Mitchell, J., because of illness, took no part in this case.

to appear and answer, "touching his indebtedness to the defendant, and any property, money, or effects of the defendant in his possession or under his control." It is to be served personally upon such garnishee. Section 166. "The service of the summons upon the garnishee shall attach and bind all the property, money, or effects in his hands, or under his control, belonging to the defendant, and any and all indebtedness owing by him to the defendant, at the date of such service, to respond to final judgment in the action." Section 167. "Bills of exchange and promissory notes, whether under or over due, drafts, bonds, certificates of deposit, bank notes, money, contracts for the payment of money, and other written evidence of indebtedness, in the hands of the garnishee at the time of service of the summons, shall be deemed ' effects ' under the provisions of this section." Section 172.

It is conceded that the debts in question were subject to garnishment by the creditors of Harwood. The controversy is, as to whether they could be garnished by proceedings directed to Pettit, and not to the debtors owing these debts; whether service of summons upon him operated as an attachment of the debts; or whether summons should have been directed to the several debtors, and served upon them. The plaintiff contends that the garnishment was effectual as to the debts in question, because, according to the common meaning of words, and especially within the definition given to the word "effects" in section 172, the debts were "property" and "effects" of the defendant in the possession and under the control of Pettit, and hence, by the terms of the statute, subject to garnishment by summons directed to and served upon him. The statute above referred to prescribes, in terms which are not obscure or subject to doubt, a method by which a debt may be garnished in an action against the creditor. It consists in the filing of the affidavit, the issuing of the summons to the debtor, and its service upon him, with notice to the principal defendant. The garnishment of debts has been a common proceeding in our practice under this statute for many years, and the method above indicated has been usually, if not always, the one adopted for that purpose.

The debts in question would clearly have been attachable in this

manner, if it had not been for the assignment from Harwood to Pettit. Nor, indeed, if the assignment and assumed transfer to Pettit had not been made, could garnishment of these debts have been made in any other way than by summons served upon the debtors. But that assignment neither changed the nature of the debts, the subject of the attempted garnishment, nor, as to creditors of Harwood seeking to subject the debts, by attachment or other process, to the satisfaction of their demands, was the assignment effectual as a transfer of the debts, or of any title or right respecting them. As to such creditors it was void, and has been so adjudged in this proceeding. Hence, the obligations of the debtors of Harwood remained as they were before the assignment, and were subject to attachment or garnishment by his creditors only, *because*, not passing by the void assignment, they were still to be deemed, as to such creditors, as debts owing to Harwood, just as though the assignment had not been made. The attempted garnishment of the debts by plaintiff, by means of service upon Pettit, necessarily rests upon this ground. Garnishment of the debts by him, through any form of procedure, was possible only upon the theory that the assignment was void.

We think, therefore, that, notwithstanding the assignment, the debts were subject to garnishment in the manner clearly designated by statute for reaching a debt of the defendant; that is, by service of summons upon the debtor. From this as a premise we are led to the further conclusion that such prescribed procedure is the only one authorized by the statute. We do not interpret this statute as prescribing two different and dissimilar methods of effecting such a garnishment, either one of which may be pursued at pleasure. It does not provide that garnishment of a mere debt may be made *either* by proceedings against the debtor and service of summons upon him, *or* by like proceedings against and service upon the creditor or his assignee, or any trustee to whom the creditor may have assumed to transfer his title. The fact that the statute does clearly designate the former of these methods as a means by which garnishment may be effected, stands as an obstacle to construing the same statute as authorizing the latter mode also, in the absence of reasonably plain provisions indicating such a dual or elective procedure.

It is true, the general term "property" may often embrace mere debts and choses in action. Whether, in a particular statute, it is to be construed as having that broad meaning, or a more limited one, must be determined by the aid of the familiar rules relating to statutory construction. The word does not necessarily include debts within its meaning. The word "effects," defining things which are subject to garnishment by service upon the person having such "effects" in his possession or under his control, is made by the statute to include bills of exchange, promissory notes, drafts, bonds, certificates of deposit, bank notes, contracts for the payment of money, and other written evidence of indebtedness in the hands of the garnishee at the time of service upon him. It may be conceded that a garnishment of such "effects" would reach all of the material objects above named which might be in the possession of the garnishee. But it will be observed that the things here defined to be "effects" are all things of a material nature; and intangible legal obligations—debts —are not mentioned, while they *are* clearly designated in the prior sections as subjected to garnishment by service upon the debtor. It may be assumed, too, that a garnishment of the bills of exchange or other instruments, which in themselves express the obligation of the maker, by service upon the person having such instruments in his possession, would be effectual as a garnishment of the legal obligation of the maker or person whose obligation is thereby expressed. But that is not this case. The only things in the hands of Pettit which could be "effects," within the definition of this statute, were the books of account; and, although the garnishment of Pettit may have been effectual to attach the books, it was not an attachment of the debts owing to Harwood. *Swart* v. *Thomas,* 26 Minn. 141; *Brower* v. *Smith,* 17 Wis. 410.

Even though there might be a doubt as to whether debts were or were not included in the terms "property" or "effects" if the statute had not made provision for the garnishment of debts by service upon the debtor, we think the construction of the statute is not difficult, in view of the latter provision. The provision for garnishing such debts is particular, and was undoubtedly devised for the single purpose of reaching and attaching that specific kind of property. The method

prescribed is precisely in accordance with that provided by statute for reaching such debts through the process of mesne attachment and final execution. Gen. St. 1878, c. 66, § 151, subd. 4, and § 305. It is the natural and just way of arresting the payment of the debt to the creditor, and holding it to respond to final judgment against him. In construing the statute, this particular and specific provision must be regarded as prevailing over the more general and hence more indefinite terms relating to property in general, and which, if construed as applying to this kind of property, make the same statute to provide two dissimilar methods of garnishment in this class of cases.

There is another objection to construing the statute as authorizing the garnishment of debts by service upon another than the debtor, and without notice to him. Such a method of garnishment would often subject innocent debtors to great and unnecessary hardship. Such a garnishment having been effected, the debtor might innocently make payment to his creditor, and then be compelled to pay a second time through the enforcement of the garnishee lien; for the garnishment, if effectual, attaches the debt, and renders the debtor liable to the enforcement against him of the final execution in the action. The fact that the debtor had paid his debt subsequent to a valid garnishment of it would be no defence. But if, on the other hand, it be said that the payment once made by the debtor without notice of the garnishment should protect him, and the garnishment be thereby avoided, we give to the statute this absurd effect, namely, that a garnishment once perfected so as to attach the debt, arrest its payment to the creditor, and hold it subject to be devoted to satisfaction of the judgment of the attaching plaintiff, is again avoided by the very act of the debtor which the statute intended by the garnishment to prevent. The statute need not be construed so as to produce such results. It was not intended to operate with harsh injustice upon the debtor whose obligation is attached, nor was it intended that the validity and effectiveness of the proceeding should depend upon the conduct of the garnished debtor subsequent to the making of the garnishment in the manner prescribed by statute. The decision of the learned judge of the district court was right, and his order, from which this appeal is taken, is affirmed.