## FARMERS' LOAN & TRUST CO. v. LONGWORTH et al.

(Circuit Court of Appeals, Ninth Circuit. October 19, 1896.)

No. 288.

APPEALS—PARTIES.

An insolvent railroad company in the hands of a receiver appointed in foreclosure proceedings is a necessary party to an appeal from an order giving to certain judgments against it priority over the mortgages, and directing the receiver to pay such judgments. Davis v. Trust Co., 14 Sup. Ct. 693, 152 U. S. 590, followed.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Struve, Allen, Hughes & McMicken and Herbert B. Turner, for appellant.

Carr & Preston, S. H. Piles, James Hamilton Lewis, Stratton, Lewis & Gilman, and Frederick Bausman, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. In a suit pending in the circuit court for the district of Washington, in which the Farmers' Loan & Trust Company, as complainant, sought to foreclose its mortgage against the Northern Pacific Railroad Company and other defendants, Henry Ives, Henry Rouse, and H. C. Payne were appointed receivers of the railroad company, and thereafter Andrew F. Burleigh was substituted as sole receiver, in their stead. During said receivership the appellees in this case, Longworth, Bellinger, and Raskey and wife, obtained three several judgments against the Northern Pacific Railroad Company on liabilities incurred by the company before the foreclosure suit was commenced. On the 11th day of August, 1894, they intervened in the foreclosure suit, and united in a petition to the court for an order requiring the receiver to pay them their respective judgments. Upon this intervention the Farmers' Loan & Trust Company answered the petition, setting forth its mortgage liens upon the property of the Northern Pacific Railroad Company; alleging that the judgments against the railroad company in favor of the petitioners were obtained upon liabilities that attached subsequently to the date of the mortgage liens, and that from and after August 1, 1893, the Northern Pacific Railroad Company had been insolvent, and that its property in the hands of the receiver was inadequate to pay the mortgage debt, and that the judgments were not entitled to priority over the mortgages. On the 18th of December, 1895, a final order was made by the court, directing Andrew F. Burleigh, as receiver, to pay the judgments. On January 20th the Farmers' Loan & Trust Company presented in the circuit court its petition for an appeal, and the appeal was allowed. Upon the same date it filed its three separate bonds to said Longworth, Bellinger, and Raskey and wife, for the costs and damages that might be awarded them on the appeal. Citation was issued, directed to Longworth, Raskey and wife, and Bellinger, and was served upon them on the 21st day of January,

1896. Neither the Northern Pacific Railroad Company, nor Andrew F. Burleigh, receiver, joined in the appeal; nor were they, or either of them, served with the citation. After the appeal was perfected in this court, and after a motion had been filed by the appellees to dismiss the same, the receiver, by his attorney, entered in this court his appearance and consent to the appeal. On this state of the record, the question is presented whether or not this court has jurisdiction to entertain the appeal.

In the case of Owings v. Kincannon, 7 Pet. 399, a decree had been entered in the court below, directing the defendants to release to the complainant their right and title to certain real estate. A portion only of the defendants appealed. The court said:

"Upon principle, it would seem reasonable that the whole cause ought to be brought before the court, and that all the parties who are united in interest ought to unite in the appeal."

And referring to the act of 1803 (2 Stat. 244), providing for appeals in equity cases, the court said:

"The language of the act which gives the appeal appears to us to require that it should be prosecuted by the same parties who would have been necessary in a writ of error."

In Masterson v. Herndon, 10 Wall. 416, a bill of peace, and for the conveyance of a pretended title to a tract of land, was filed against one Maverick and one Herndon; and the decree was that complainant have and recover from the said Maverick and the said Herndon the said tract of land, and quieted the complainant's title to the same. From this decree Herndon appealed, and, in his petition for appeal, alleged that his co-defendant refused to prosecute the appeal with him. In ordering the appeal dismissed in the supreme court, Mr. Justice Miller said:

"In chancery cases, all the parties against whom a joint decree is rendered must join in the appeal, or they will be dismissed. There are two reasons for this: (1) That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed; (2) that the appellate tribunal shall not be required to decide a second or third time the same question, on the same record. * * * We do not attach importance to the technical mode of proceeding called 'summons and severance.' We should have held this appeal good if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But the mere allegation of his refusal, in the petition of appellant, does not prove this. We think there should be a written notice, and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest. Such a proceeding would remove the objections made to permitting one to appeal without joining the other; that is, it would enable the court below to execute its decree so far as it could be executed on the party who refused to join, and it would estop that party from bringing another appeal for the same matter. The latter point is one to which this court has always attached much importance, and it has strictly adhered to the rule under which this case must be dismissed, and also to the general proposition that no decree can be appealed from which is not final, in the sense of disposing of the whole matter in controversy, so far as it has been possible to adhere to it without hazarding the substantial rights of parties interested."

In Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, Wilson, the complainant, filed his bill against Minor and his wife and Hardee, alleg-

ing that a conveyance of land made by the said Minor to himself as trustee for his wife, and a certain other deed of the same lands subsequently made to Hardee, were without consideration, and that they were made with the intention of putting said lands beyond reach of creditors, of whom the complainant was one. A decree was entered holding that the decree in favor of Minor and his wife was void, and that the deed to Hardee was security only for a certain debt due him. Hardee appealed, but his co-defendants did not join in the appeal, nor were they made parties thereto. It was held that Minor and his wife were necessary parties to the appeal, and the appeal was accordingly dismissed.

In the case of Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 238, Stansbury, who was the cestui que trust under a deed of real estate, brought suit as complainant, against the trustee's heirs, and against certain others to whom a portion of the trust property had been set apart, and sold and conveyed, in certain partition proceedings, which were had before the complainant reached her majority. The result of the suit was that the conveyance and partition were decreed to be set aside. From this decree, appeal was taken by the trustee's heirs only. The complainant moved to dismiss. In opposition to the motion affidavits of the other defendants were filed in the appellate court, to the effect that they had been advised by counsel that the appeal of the trustee's heirs was for the benefit of all defendants, and they said that the appeal was taken at the cost of the defendants. The court, in dismissing the appeal, said:

"The real defendants, whose rights were affected by the decree appealed from, were the parties claiming title under those proceedings, and they were necessary appellants from the decree setting aside those proceedings, and ordering the whole land to be conveyed to the plaintiff. * * * It is quite clear that Inglehart's heirs could not appeal alone, without joining the other defendants as appellants, or showing a valid excuse for not joining them. This could only be shown by a summons and severance, or by some equivalent proceeding, such as a request to the other defendants, and their refusal to join in the appeal, or at least a notice to them to appear, and their failure to do so; and this must be evident upon the record of the court appealed from, in order to enable the party prevailing in that court to enforce his decree against those who do not wish to have it reviewed, and to prevent him and the appellate court from being vexed by successive appeals in the same matter."

In Sipperley v. Smith, 155 U. S. 86, 15 Sup. Ct. 15, it appears that Sipperley & Co., consisting of A. F. Sipperley and H. S. Lee, made an assignment of partnership property to one Ross in trust to pay creditors in the order named: First, Gray and the Union Bank, in full; second, Mrs. Sipperley, Mrs. Walling, and H. A. Lee, in full; third, their remaining creditors. Suit was brought against Sipperley & Co. by Smith, Connor & Co., who were creditors, and an attachment was levied on the property upon the ground that it had been disposed of to defraud creditors. Thereupon the preferred creditors filed an intervening complaint, praying that they be paid as provided in the assignment. The assignment was decreed to be void, and the complaint of intervention was dismissed. An appeal was taken by Mrs. Sipperley, Mrs. Walling, H. A. Lee, and the Union Bank. No application for summons and severance as to M. J. Gray was found in the

record, nor any order permitting severance; nor was any application made in the supreme court for a citation to H. S. Lee and Sipperley, nor did they or Gray make appearance in that court. On this state of the record, the appeal was dismissed on the authority of the cases above referred to.

A case directly in point is Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 695. The Mercantile Trust Company brought a foreclosure suit against the Kanawha & Ohio Railway Company, and a receiver was appointed, who took possession of the mortgaged property. An amended bill was filed, making two other railway companies additional parties defendant. Thereafter, Erwin Davis, the holder of certain of the bonds secured by the mortgage which was being foreclosed, intervened in the suit, and obtained an order that he be permitted to be heard upon any and all of the proceedings therein, for the protection of his interests as bondholder and stockholder of the Kanawha & Ohio Railway Company. A decree of foreclosure and sale was entered, and thereafter Davis took an appeal to the supreme court. The citation ran to the complainant and to each of the other defendants, and was served on the complainant and on all of the defendants except the Kanawha & Ohio Railway Company, the mortgagor. No supersedeas bond was filed. The property was sold, and the sale was confirmed, and from this order of confirmation Davis took a second appeal; but the bond and citation ran only to the Mercantile Trust Company. The appeal from the order of sale was dismissed because the mortgagor company was not made a party, nor were the purchasers at the foreclosure sale. The appeal from the decree of foreclosure was also dismissed. The court said:

"The mortgagor may be unwilling that the decree should be set aside, notwithstanding irregularities in prior proceedings, for fear that on a subsequent hearing a larger sum may be decreed against him. It is not necessary, in any given case, to determine that his interests would or would not be promoted by the setting aside of the decree. It is enough that in that matter he has a direct interest, and, because of this interest, common justice requires that no change shall be made in the terms of that decree, nor shall it be set aside, without giving him a chance to be heard in its defense."

Applying the doctrine of these decisions to the case before the court, it is apparent that the Northern Pacific Railroad Company was a necessary party to this appeal. It is true that the answer of the Farmers' Loan & Trust Company to the intervention of the petitioners alleges that the Northern Pacific Railroad Company is insolvent, and that its property is inadequate to meet the mortgage liens; but this fact does not alter the rule, nor dispose of the rights of the railroad company. The judgments have been established against the railroad company, and it could not be heard to contest its liability upon the same; but it had the right to be heard upon the question of the payment of the judgments in preference to the payment of the mortgage liens. Concerning that controversy, it is one of the real parties in interest. By the law of Washington the judgments bear interest at 8 per cent. per annum; and the order of the court directing their payment by the receiver provided that he should either pay the amounts due, or deposit with the clerk receiver's certificates for the respective amounts, bearing interest at 8 per cent. per

annum until paid. The mortgages bear interest at 5 and 6 per cent. The question of the disposition of the funds in the receiver's hands, the payment of one lien, or class of liens, bearing one rate of interest, to the exclusion or postponement of another class, bearing a different rate of interest, is one which affects the substantial right of the railroad company, and upon which it is entitled to be heard. The motion to dismiss must be allowed.