PARDEE, Circuit Judge.
This was a suit brought by William S. 'uhn, in his own right and as trustee for the American Waterworks i Guaranty Company, against Robert Morrison, Carrie P. Morrison, 'amuel E. Green, Edward Scott, Moses H. Clift, J. T. Williams, John Dickert, and W. T. Page, for the foreclosure of a mortgage upon wo tracts of land in Catoosa county, state of Georgia. On final earing in the circuit court a decree was rendered foreclosing the ortgage on both tracts, but subject to a prior lien held by Samuel . Green. In the proceedings Robert Morrison and Edward Scott, o of the parties who executed the mortgage, made no appearance, and a decree pro confesso was entered against them. Moses H. Clift, who was the other party who executed the mortgage, and J. T. Williams, who claimed an interest in the mortgaged premises, appeared and contested the right of Kuhn to a foreclosure. Kuhn, not being satisfied with the measure of relief granted by the circuit court, immediately appealed, and on September 14, 1896, perfected his appeal against all the defendants in the case; and citations were duly served on Robert Morrison on the 21st day of September, 1896, and upon Moses H. Clift and J. T. Williams on September 28,1896. The transcript was duly filed in this court, and the cause assigned for hearing November 24, 1896, on which day it was regularly heard and submitted. No appearance was made for any appellee, except for Samuel E. Green. On December 15th this court rendered its decision (Kuhn v. Morrison, 28 C. C. A. 619, 78 Fed. 16), on which a mandate issued in due course. Subsequent to the filing of the transcript of appeal and the assignment of the cause for hearing, Moses H. Clift, Robert Morrison, and J. T. Williams, original defendants in the circuit court, filed a petition in the circuit court for an appeal, which was allowed. None of the other defendants joined in said appeal, nor was there any severance. This appeal was perfected by a bond conditioned that said Moses H. Clift and J. T. Williams should prosecute their appeal to effect, and by service of citation upon W. S. Kuhn, in his own right and as trustee, through his counsel; and the transcript was filed in this court on the 21st day of November, 1896, but no appearance for appellants was then, or has since been, entered. An inspection of the record shows that substantially the same questions are sought to be raised on the appeal of Clift and Williams as were necessarily passed upon by the court on the appeal of Kuhn. On this state of facts, the appeal of Clift and Williams might well be dismissed for the reason that all the parties defendant who are interested in the decree of the circuit court did not join in the appeal, nor was there any summons and severance in order to allow of the prosecution of the appeal by any less than the whole number of the defendants against whom the decree was entered (Estis v. Trabue, 128 U. S. 225, 230, 9 Sup. Ct. 58), or for the reason that the appeal being a cross appeal, it was not diligently prosecuted (see The S. S. Osborne, 105 U. S. 447; Hilton v. Dickinson, 108 U. S. 165,168, 2 Sup. Ct. 424; The Tornado, 109 U. S. 110, 117, 3 Sup. Ct. 78; Grigsby v. Purcell, 99 U. S. 505; U. S. v. Burchard, 125 U. S. 176, 8 Sup. Ct. 832). As, however, the record shows that the questions now presented were necessarily involved, *742 and have been settled adversely to the appellants, in our decision on the appeal of Kuhn, the affirmance of the decree fled by this court in Kuhn v. Morrison will be proper, and all the ends of justice; and it is so ordered. previou as modi subserv