FARMERS' LOAN & TRUST CO. v. LONGWORTH et al.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

No. 288.

1. APPEAL—PARTIES—VOLUNTARY APPEARANCE.
   A party entitled to join in an appeal may do so by entering a voluntary appearance in the appellate court after the appeal has been perfected therein, without giving notice to the opposite party or the circuit court.
2. RAILROADS—PRIORITY OF LIENS—JUDGMENT FOR DAMAGES.
   A judgment creditor whose claim originated in the negligent act of the railroad company's servant is not entitled to a preference over the holders of pre-existing liens.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Struve, Allen, Hughes & McMicken, for appellant.

Stratton, Lewis & Gilman, Frederick Bausman, and George M. Emory, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. The appeal taken in this case was dismissed on the ground that the Northern Pacific Railroad Company was a necessary party to the appeal. Trust Co. v. Longworth, 22 C. C. A. 420, 76 Fed. 609. The facts of the case are there stated, and need not be here repeated.

After the dismissal the attention of the court was called to the fact, which had been overlooked, that after the appeal had been perfected in this court, and after the motion had been filed by the appellees to dismiss the same, and within six months from the entry of the judgment herein, the Northern Pacific Railroad Company, by its attorneys, entered in this court its appearance and consent to the appeal. Upon this ground a rehearing was granted. The argument in behalf

of appellees upon rehearing again called in question the right of the Northern Pacific Railroad Company to join in the appeal, and questioned its right to do so by a voluntary appearance in this court without notice to the appellees or to the circuit court. The granting of the rehearing necessarily disposed of that question adversely to the views contended for by appellees; and, inasmuch as no additional authorities have been cited, we deem it unnecessary to again consider that question. Morrison v. Kuhn, 26 C. C. A. 130, 80 Fed. 740.

The case, upon its merits, is disposed of by the principles announced by this court in Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 24 C. C. A. 511, 79 Fed. 227, and Trust Co. v. Nestelle, 25 C. C. A. 194, 79 Fed. 748, to the effect that a judgment creditor of a railroad corporation, whose claim originated in the negligent act of the corporation's servant, is not entitled to be paid in preference to the holders of pre-existing liens upon the corporation's property. This is the only question presented by the appeal upon the merits. Upon the authority of the previous decisions of this court, and authorities there cited, the order of the circuit court is reversed, with costs in favor of appellant.