## CHARLOTTE FINLAYSON AND ANOTHER v. NORTHFIELD NATIONAL BANK.[1]

December 5, 1924.

No. 24,306.

**Finding sustained by evidence.**
> The evidence supports the finding that no more land was included in the mortgage than the parties intended.

.Action in the district court for Rice county to cancel certain notes and mortgages. The case was tried before Senn, J., who dismissed the action. From an order denying their motion. for a new trial, plaintiffs appealed. Affirmed.

*A. B. Childress*, for appellants.

*C. B. Carpenter*, for respondent.

HOLT, J.

This case was tried by the court just after that of Sidney Finlayson v. Northfield Nat. Bank, infra, page 166, and is said to be covered in this court in the same brief, although we have failed to find any reference thereto by appellant. The plaintiffs are Charlotte Finlayson and her husband, William, and the defendant is the Northfield National Bank. In 1919 plaintiff's son Clyde bought an 160-acre farm near the farm of 191 acres owned by his mother. The price paid was $26,400, borrowed from defendant, Clyde and his wife executing therefor notes for $26,400 secured by a mortgage on the 160 acres bought and also as additional security notes for $8,400, indorsed by plaintiffs and secured by a mortgage upon plaintiff Charlotte's farm. The last mentioned notes were not paid when due, and renewal notes, including unpaid interest, in the amount of $8,988 were executed, which plaintiffs secured by a new mortgage upon the same land, the first one being satisfied of record.

Plaintiffs now seek to have the last notes and mortgage canceled because of this alleged fraud of defendant, perpetrated by its

[1]Reported in 200 N. W. 940.

president, J. G. Schmidt, who in all matters referred to acted for defendant. Schmidt falsely represented that the notes given by Clyde and secured by the mortgage upon the farm he bought were for only $18,000, when in fact they were for $26,400; and that he fraudulently inserted the whole of plaintiff Charlotte's farm, whereas the agreement was that only 111 acres thereof should be mortgaged; and that the same fraudulent scheme was used in obtaining the last mortgage upon the whole farm instead of upon the 111 acres agreed. The findings were against plaintiffs. They moved for amended findings or a new trial. From the order denying the same the appeal is taken.

Whether more land was inserted than agreed upon was peculiarly a question of fact for the trial court, and the evidence is such that we are not justified in disturbing the finding made. The court found that plaintiffs gave the mortgage upon Charlotte's 191 acre farm. This must be taken as a finding that the parties understood and agreed that the mortgage should cover the whole farm as written and not 111 acres thereof. Upon that issue of fact the findings were not asked to be modified. The giving of the mortgage by the parents was understood to be as part security for the $26,400 loaned by defendant. Clyde is not a party to this action, and it does not seem important to plaintiffs whether he gave a mortgage on his farm to secure the whole amount of the loan or only for $18,000. It is not claimed that any part of the loan has been repaid. Plaintiffs' obligations were, in any event, secondary as between them and Clyde. Their real grievance, if any at all, was including 80 acres more land of plaintiff Charlotte's farm than agreed. This the court failed to find true.

The only other alleged errors relate to rulings at the trial. None of these merit discussion. The trial was to the court. Some questions may have been leading, and some answers may have contained conclusions, but we see nothing upon which to grant a new trial. We have examined the record herein for errors, but, as stated, the brief in this and the preceding case neither assigns nor discusses any error in the present case.

The order is affirmed.