## RUSHFORD STATE BANK v. JULIA BENSTON.
## SCANLON-HABBERSTAD BANK & TRUST COMPANY, GARNISHEE.[1]

May 3, 1935.

No. 30,301.

*Meighen, Knudson & Sturtz,* for appellant.
*Brown, Somsen & Sawyer,* for respondent.

LORING, JUSTICE.

The garnishee has appealed from a judgment against it.

Plaintiff obtained a judgment against Julia Benston, not a party to this appeal, and pursuant thereto served garnishee summons on the appellant, Scanlon-Habberstad Bank & Trust Company. Mrs. Benston was the mortgagee in a $10,000 mortgage from her brother, B. O. Boyum, upon which, in 1933, no part of the principal had been

[1]Reported in 260 N. W. 873.

paid and no interest had been paid for five years. The note and mortgage had been pledged by Mrs. Benston to the garnishee bank as security for loans to her aggregating $5,000. In June, 1933, Boyum, in order to refinance certain liens against his property, including this mortgage, made application to the Federal Farm Credit Administration for a $15,000 loan. Boyum and an officer of the garnishee bank testified that it was then agreed that if Boyum would apply for and obtain a federal loan and pay off defendant's debt to the garnishee, defendant would satisfy the mortgage debt. The bank was so advised. The federal loan was granted, and December 4, 1933, the federal mortgage was recorded. The garnishee summons was served on appellant December 14, 1933, and a few days thereafter Mrs. Benston, pursuant to the claimed arrangement, executed a release to Boyum of all her interest in the mortgage debt "except the amount due and unpaid to the Scanlon-Habberstad Bank & Trust Company by reason of an assignment of said real estate mortgage for collateral." This release was recorded December 21, 1933. The disclosure for the garnishee bank was made January 12, 1934. January 23, 1934, new federal mortgages in the same amount were substituted for those previously recorded.

February 3, 1934, the federal loan was closed, and among other drafts one running to the garnishee bank was drawn on the Federal Land Bank for $5,080.39 and delivered to the garnishee. This was the amount due the bank on Mrs. Benston's note, less $300 which Boyum made up. February 8, 1934, plaintiff moved the court, under 2 Mason Minn. St. 1927, § 9376,[2] for permission to pay the

---

[2] "9376. If it appear that the garnishee has a lien on such garnished property, or that it is in any way liable for the payment of a debt due to him, the plaintiff, on motion, may be permitted to pay the amount thereof, and the amount so paid shall be repaid to plaintiff, with interest, out of the proceeds of the sale of such property. If the garnishee refuses or neglects to comply with any order of the court in the premises, he may be punished for a contempt, and also shall be liable to the plaintiff for the value of such property, less the amount of his lien; Provided, that he may sell the property to satisfy such lien, if a sale be authorized by his contract, at any time before such payment or tender."

garnishee's lien. Before this motion was made, however, the federal loan's had been completed, the garnishee bank had been paid off, a release of the mortgage debt to the extent of the garnishee's interest had been executed, and the pledged mortgage and note returned to Boyum. The trial court found against the garnishee, which made a motion for amended findings, which was denied. July 31, 1934, the trial court ordered judgment in favor of plaintiff against the garnishee, and September 10, 1934, judgment was accordingly entered in the full amount of the plaintiff's claim against Mrs. Benston. It is from that judgment that this appeal is taken.

The evidence of the garnishee and Boyum that in June it was agreed that if Boyum would apply for and obtain a loan and pay the garnishee what defendant owed it defendant would release Boyum from further obligation on the note and mortgage and that the bank was so advised is undisputed. Plaintiff claims that this evidence is not entitled to credit mainly because it was admitted that the execution of the instrument of partial satisfaction of the debt by defendant did not occur until after the service of the garnishee summons. We do not so consider the situation. We think that the nature of the transaction was such that the circumstances relied upon by plaintiff as affecting the credibility of this evidence do not in any way impeach it or take it out of the general rule as to the compelling force of credible, unimpeached, uncontradicted testimony which applies even in the case of parties. O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430. The mortgage note was seven years past due, and no interest had been paid for over five years. That an arrangement to discount it heavily in order that Boyum might obtain a federal loan would seem probable and that the bank would be so advised and authorized would seem just as probable to anyone familiar with such loan procedure. Such is the universal practice where the face of the encumbrances exceeds the amount of the federal loan obtainable.

Moreover, plaintiff was far from diligent in the protection of its rights under 2 Mason Minn. St. 1927, § 9376, and the arrangement between Boyum and the defendant had been executed prior to plaintiff's motion to take up the garnishee's lien. The appellant

was not required to inquire of plaintiff whether it intended to take advantage of that section. The circumstances amply advised plaintiff that any property of defendant's which appellant had was held as collateral and necessarily was subject to a lien. A plaintiff desiring, in garnishment, to take advantage of § 9376 must act promptly and tender and move with celerity because the garnishee cannot in fairness be required to hold collateral against a tender of payment and take a chance on its being subsequently paid.

As we view the case, the arrangement made in June between defendant and Boyum with corresponding advice to appellant amply justified it in surrendering its collateral when, in the absence of motion by plaintiff, the terms of the arrangement were carried out. As said by this court in Bacon v. Felthous, 103 Minn. 387, 390, 115 N. W. 205, 207:

"The attaching creditor can acquire no greater rights against the garnishee than had the principal debtor, and can occupy no better position with respect to the garnishee than could the principal defendant in a suit by him against the garnishee."

Such being the rule, if asked what the defendant could have recovered from the garnishee under the circumstances here depicted had there been no garnishment, we must answer that she could have recovered nothing in the face of her advice to the bank after the Boyum agreement. After such advice to the bank, it could not be held liable to defendant regardless of the binding force of the agreement between defendant and Boyum.

■ The defendant was not necessarily a party to this appeal. The judgment against the garnishee, when reversed, will be no longer available to her as a defense to plaintiff's claim.

The judgment is reversed and the case remanded with instructions to the trial court to amend its findings and enter judgment for appellant.

Reversed.