WALTER L. HENDERSON v. NORTHWEST AIRLINES, INC.
AND ANOTHER.
GLENN L. MARTIN COMPANY, APPELLANT.[1]

July 14, 1950.

No. 35,173.

[1]Reported in 43 N. W. (2d) 786.

*Snyder, Gale, Hoke, Richards & Janes* and *James B. Hannah,* for appellant.

*Grannis & Grannis,* for respondent.

*Doherty, Rumble, Butler & Mitchell,* for garnishee.

MATSON, JUSTICE.

Appeal from an order denying a motion to dismiss for lack of jurisdiction an action against defendant Glenn L. Martin Company (herein called Martin) and defendant Northwest Airlines, Inc. (herein called Northwest) as garnishee.

Plaintiff brought an action against Martin and Northwest for damages for negligently causing decedent's death in an airplane crash. Martin is a foreign corporation over which no jurisdiction

has been acquired unless the garnishment proceedings instituted by plaintiff disclosed that it had property within this state. Two separate garnishments, one on July 28 and the other on August 24, 1949, were placed on Northwest as garnishee. Pursuant to M. S. A. 571.51, an oral disclosure was made. The first disclosure revealed that Martin claimed $16,991.75 for materials sold the garnishee, but that the latter admitted a net indebtedness of only $26.50 by reason of a setoff for defective materials which had been returned. Shortly thereafter the garnishee executed an *amended disclosure,* based on additional information, purporting to correct errors in the first, whereby it declared that Martin claimed $22,872.81 for materials, but alleged that the garnishee was entitled to a setoff of $49,046.05 for defective materials and equipment returned for credit and repair, and that as a result, instead of the garnishee being indebted to Martin, the latter was indebted to the garnishee in the sum of $26,173.24. The oral disclosure was substantially in accord except as to minor variations. For the purpose of this appeal, it will be assumed that the garnishee's setoff and defenses consist (1) in part of a credit claimed for the return or repair of materials purchased on the specific contract upon which Martin's claim of $22,872.81 is based, and (2) in part of credit claimed by the garnishee for the return of defective equipment received from Martin on *other contracts* upon which Martin claims to have nothing due from the garnishee.

Based upon these disclosures, plaintiff moved for judgment against the garnishee in such sum as the court should determine. Simultaneously, the garnishee moved to dismiss the garnishment on the ground that no indebtedness to Martin had been shown. In connection with the above motions, Martin appeared specially and moved for a dismissal of the action and of all the garnishment proceedings for lack of jurisdiction. The trial court by its order found that *for the purpose of obtaining jurisdiction over Martin* the garnishee was indebted to Martin for at least the sum of $26.50 (apparently for materials furnished the garnishee which were not claimed to be defective), but denied plaintiff's motion for judgment,

in that the court was, without a trial upon the issues, unable to determine the merit or amount of the garnishee's claims to a setoff for defective materials returned. The respective motions of Northwest and Martin were also denied. It is from this order that the defendant Martin appeals.

■ Plaintiff has moved for a dismissal of this appeal because no notice of appeal was ever served upon the garnishee, the Northwest Airlines, Inc. Subsequent to plaintiff's motion, the garnishee appeared in this court and filed its consent to be bound by the appeal. A defect in an appeal which arises from a failure to serve the notice of appeal upon one of the parties who would be *adversely* affected by a reversal or a modification of the order or judgment from which the appeal is taken is cured when such party voluntarily appears in the appellate court and consents to be bound by the result.[2] Only adverse parties are essential to an appeal.[3]

Pursuant to the disclosures, was any money belonging to the defendant Martin in the possession or control of the garnishee within the meaning of the garnishment act? M. S. A. c. 571. No one shall be adjudged a garnishee by reason of any money due to the defendant unless at the time of the service of the summons the same is due absolutely and without any contingency. § 571.43(1). Clearly, the obligation of the garnishee to pay for materials purchased from defendant Martin was absolute and not subject to any contingency; therefore, the garnishee was then indebted to Martin unless at the time the garnishee possessed a setoff in its favor which, for garnishment purposes, wiped out the indebtedness. Section 571.49, subd. 2(3), provides that the garnishee shall disclose *if he claims any setoff or defense to any debt or liability.* The right of the garnishee

---

[2] Farmers' L. & T. Co. v. Longworth (9 Cir.) 83 F. 336; Owens v. Owens, 207 Minn. 489, 495, 292 N. W. 89, 92; Kavli v. Leifman, 207 Minn. 549, 292 N. W. 210; Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032.

[3] See, M. S. A. 605.03; Kells v. Nelson-Tenney Lbr. Co. 74 Minn. 8, 76 N. W. 790; Rendahl v. Hall, 160 Minn. 502, 200 N. W. 744, 200 N. W. 940; Larson v. Le Mere, 220 Minn. 25, 18 N. W. (2d) 696; Rushford State Bank v. Benston, 194 Minn. 414, 260 N. W. 873.

to a setoff in a proper case has been recognized by both statute and decision.[4]

▉ In determining when a setoff is to be allowed, we must keep in mind thàt the basic purpose of all garnishment proceedings, as a means of protecting creditors by securing the payment of any judgment obtained in the maịn action, is to attach assets in the hands of a garnishee *without in any manner impairing the rights of the garnishee or placing him thereby in a worse position than he would have been had he been sued directly by the defendant.* Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L.R.A.(N.S.) 811, 134 A. S. R. 788, 18 Ann. Cas. 212; Knudson v. Anderson, 199 Minn. 479, 272 N. W. 376; Gilloley v. Sampson, 203 Minn. 233, 281 N. W. 3. He is a neutral whose rights must be respected. As a garnishee, he may assert any and all *setoffs or defenses*[5] which existed in his favor when the garnishment summons was served, and which he might have enforced had an action then been brought against him by the defendant. See, 2 Shinn, Attachment and Garnishment, § 624. In other words, the plaintiff by garnishment acquires no greater rights against the garnishee than those enjoyed by. the defendant.

▉ In the light of this basic concept of all garnishment, may a garnishee who, at the time of the service of the garnishment summons, was indebted absolutely to the defendant for materials purchased on a contract from the latter, set off against such. indebtedness an existing unadjudicated claim for credit for materials which the garnishee returned to the defendant because they were defective? If a credit may be allowed as a setoff, is it limited to a credit for the return of materials which were purchased on the

---

[4]See, Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L.R.A.(N.S.) 811, 134 A. S. R. 788, 18 Ann. Cas. 212, and authorities therein cited; 3 Dunnell, Dig. § 3984; 4 Am. Jur., Attachment and Garnishment, § 199; 5 Am. Jur., Attachment and Garnishment, § 786, *et seq.;* 38 C. J. S., Garnishment, § 203.

[5]As to the possible significance of the term "defenses," see Imperial Elev. Co. v. Hartford Acc. & Ind. Co. 163 Minn. 481, 204 N. W. 531, 42 A. L. R. 559.

specific contract out of which the indebtedness arose, or may it include a credit for materials returned on other contracts between the defendant and the garnishee?

In considering these questions, we must ascertain the scope and meaning of *setoff* as used in § 571.49, subd. 2(3).

"* * * At common law, independently of statutes, a set-off of cross demands, unconnected with each other, was not allowed. A defendant could claim, by way of deduction, all just allowances or demands accruing to him, or payments made by him, in respect of the same transaction or account which formed the ground of the action, but could go no farther. This was remedied by the 2 Geo. II., ch. 22, sec. 13, where mutual debts were allowed to be set off against each other. 1 Chit. Plead., 569-70-71. The demand must have been in the nature of a debt, and a set-off was excluded in all actions arising *ex delicto*. *Id.*, 571-2. The general features of the English statutes of set-off are embodied in our own. Comp. Stat., 503, § 44." Folsom v. Carli, 6 Minn. 284 at p. 287 (420 at p. 424), 80 Am. D. 456.

Since the abolition of the distinction between actions at law and suits in equity and the abolition of the common-law forms of action (1 Dunnell, Dig. & Supp. § 94), relief theretofore afforded by way of *setoff* is allowed as a counterclaim and by statute has been extended to include all causes of action arising *ex contractu*, whether arising under a contract entirely distinct from that upon which the plaintiff's claim is founded and whether the damages claimed are liquidated or unliquidated. See, Morrison v. Lovejoy & Brockway, 6 Minn. 224 at pp. 234-236 (319 at pp. 352-353) ; Folsom v. Carli, 6 Minn. 284 (420), 80 Am. D. 456; Imperial Elev. Co. v. Hartford Acc. & Ind. Co. 163 Minn. 481, 204 N. W. 531, 42 A. L. R. 559. By express statutory provision (§ 544.05), a counterclaim must be an existing one in favor of a defendant and against a plaintiff, between whom a several judgment may be had in the action, and must be:

"(1) A cause of action arising out of the contract or transaction pleaded in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action; or

"(2) In an action arising on contract, *another cause of action arising also on contract,* and existing when the action was begun." (Italics supplied.)

■ It follows that, had Martin brought an action directly against the garnishee, the latter, by virtue of its right to a setoff, could have asserted as a counterclaim its right to credit for the defective materials which were returned, even though such claim for credit arose in part from contracts which were separate and distinct from the one out of which primary indebtedness arose. A garnishee's disclosure is conclusive against the plaintiff (§ 571.50) unless the latter successfully controverts the disclosure in the manner specified by statute (§ 571.51), namely, by filing a supplemental complaint for the raising of issues which may be tried only after plaintiff has obtained a judgment in his favor in the main action. See, Gilloley v. Sampson, 203 Minn. 233, 281 N. W. 3; 3 Dunnell, Dig. §§ 3986, 3989, 3990-3996. No supplemental complaint has been filed; therefore, the garnishee's disclosure stands unchallenged, and in the light of its setoff, which far exceeds its indebtedness to the defendant, there is no basis for a finding or an adjudication that the garnishee is indebted to the defendant.[6] Any holding to the contrary would leave the garnishee in a worse position than it would have been had it been sued directly by Martin. It is true that plaintiff is faced with a dilemma, since he can accomplish nothing, *for the purpose of obtaining jurisdiction,* by filing a supplemental complaint, in that the issues thereby raised *cannot be tried until after the entry of a judgment in his favor in the main action,* wherein his only claim to jurisdiction must be based on an adjudication that the garnishee is indebted to the defendant.

■ Plaintiff apparently assumes that, by reason of the peculiar dilemma in which he finds himself (in his effort, by resort to garnishment proceedings, to obtain jurisdiction over a nonresident defendant), the court ought as a matter of equity to ignore the garnishee's claim to a setoff, or at least hold it in suspension, *for the purpose of establishing jurisdiction,* on the theory that in the event that

---

[6]See, Annotation, 59 L. R. A. 353, 389, 392.

plaintiff obtains a judgment in his favor in the main action the garnishee's claim to a setoff can thereafter be adjudicated and, if it is allowed, be asserted as an equitable setoff. If we assume that plaintiff is correct in his theory, what would happen to the jurisdictional base of the main action if after the entry of judgment therein for plaintiff the garnishee's claim to a setoff was adjudicated to be valid in an amount which exceeded the garnishee's indebtedness? The answer is obvious. Aside from this fundamental jurisdictional difficulty, it must also be borne in mind that garnishment is a statutory remedy which may not be enlarged or extended by implication to cover cases which are not clearly within both its letter and spirit. We find nothing in the garnishment act which authorizes a special rule of construction or interpretation in order to facilitate the use of garnishment for the purpose of obtaining jurisdiction over a nonresident defendant. Furthermore, insofar as construction becomes necessary, the garnishment act is to be construed in favor of the garnishee, to the end that his rights as a neutral or unwilling litigant may be preserved unimpaired.[7]

We find nothing in the evidence to justify a finding that the garnishee's claim to a setoff was one against both the defendant and the U. S. Rubber Company and therefore embraced a joint liability. The testimony on this phase is purely speculative.

The order of the trial court is reversed.

Reversed.

ON APPEAL FROM TAXATION OF COSTS.

On August 18, 1950, the following opinion was filed:

PER CURIAM.

We find no error in the clerk's allowance of $270 for the premium of the appeal bond as an item in the taxation of costs. M. S. A.

[7]See, Ide v. Harwood, 30 Minn. 191, 14 N. W. 884; Stevenot v. Eastern Ry. Co. 61 Minn. 104, 63 N. W. 256, 28 L. R. A. 600; Wood v. Bangs, 199 Minn. 208, 271 N. W. 447; Toth v. Toth, 242 Mich. 23, 217 N. W. 913, 56 A. L. R. 839; 3 Dunnell, Dig. & Supp. § 3951; 4 Am. Jur., Attachment and Garnishment, § 26; cf. M. St. P. & S. S. M. Ry. Co. v. Pierce, 103 Minn. 504, 115 N. W. 649.

607.01 provides: "In all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred." (See, Supreme Court Rule XV, 222 Minn. xxxvii.) M. S. A. 574.19, which places an expense allowance limitation of $10 for the first $1,000, and of one percent of and for any amount in excess of $1,000, pertains only to *surety* bonds required for administrators and other fiduciaries and has no application to *supersedeas* bonds required upon appeal. In fact, § 574.19 specifically provides that "in all actions or proceedings the party entitled to recover costs may include therein the reasonable fees" paid for any bond required therein.

In the absence of a showing that a disbursement of $270 is excessive—as being neither reasonable nor necessary—for the premium on the appeal bond, plaintiff's contention must be rejected.

There was also no error in excluding the garnishee, Northwest Airlines, Inc., from the taxation of costs. A prevailing party upon an appeal is entitled to reimbursement for his disbursements necessarily paid or incurred. § 607.01. An appellant is the prevailing party if the judgment or order from which the appeal was taken is reversed or is modified. Trinity Church v. First Spiritualist Church, 221 Minn. 15, 20 N. W. (2d) 534, 21 N. W. (2d) 611. It does not follow, however, that a prevailing party necessarily prevails against all the other parties to the appeal even though they be all adverse and therefore essential to a complete review. In the instant case, the garnishee was an essential party, in that it might have been adversely affected by a modification of the order from which the appeal was taken. In voluntarily appearing and consenting to be bound by the consequences of the appeal, it did not follow, however, that all such consequences—as represented by a reversal or a modification—would inevitably be adverse. Here, we have an outright reversal which was in no sense adverse to the garnishee, but was in fact a vindication of its position. It would have been error to include such garnishee in the taxation of costs. The clerk's taxation of costs is therefore affirmed.