CENTRAL TRUST CO. OF NEW YORK *v.* EAST TENNESSEE, V. & G. R. Co. and others.

*In re* Intervening Petition of MILLER.

(*Circuit Court, N. D. Georgia.* December 31, 1886.)

1. RAILROAD COMPANIES—MORTGAGE—MARSHALING ASSETS.

In a suit to foreclose a mortgage upon a railway extending through several states, where original bill is filed in Tennessee, and ancillary bills in Georgia, Alabama, and Mississippi, upon application to the ancillary court, in Georgia, by a judgment creditor of the mortgagor, to have an order against the receiver to pay his claim out of the earnings of the mortgagor that were on hand at the date of the appointment of the receiver, *held,* dismissing the petition without prejudice, that the court in Tennessee in which the original bill was filed, and upon whose orders the receiver had paid out all of the funds coming to his hands, is the proper tribunal to which a judgment creditor should make application for relief.

2. SAME—JUDGMENT CREDITOR—PERSONAL INJURIES—PRIORITY—EARNINGS OR CORPUS OF ESTATE.

A creditor having a judgment for personal injuries against the mortgagor, growing out of torts committed by it before the receivership, is a *general creditor,* and his judgment is not entitled to priority of satisfaction out of the earnings of the receivership, and *a fortiori* not out of the *corpus* of the estate.

In Equity.

R. B. *Trippe* and *McCarny & Walker,* for petitioner.

*Bacon & Rutherford,* P. Q. *Mynatt,* and *W. M. Baxter, contra.*

PARDÉE, J. The petitioner's claim is based on a certain judgment rendered in his favor against the defendant company in the superior court of Whitfield county, Georgia, on the thirteenth day of October, 1884, based upon personal injuries to petitioner's son, inflicted by the negligence of defendant's agents in the month of November, 1881. The intervention was filed in this court, April 26, 1886, praying for leave to file the claim in this cause, to be paid out of the proceeds of the sale of said defendant's property ordered heretofore to be sold, as appears by the records referring to the ancillary decree of foreclosure rendered in the court, March 27, 1886. On this intervention, this court (McCAY, J., presiding) made the following order: "The foregoing petition read and considered, and it is thereupon ordered that the prayer of petitioner be granted."

Some contention has been had as to the force and effect of this order, but it seems clear that it was intended as an order to permit the filing and hearing of the claim, and not as an absolute *ex parte* order that the claim should be paid. The proceedings in this cause have been from the first ancillary to the main suit for the foreclosure of a mortgage on a railway line extending into the states of Virginia, Tennessee, Georgia, Alabama, and Mississippi, instituted and carried on in the United States circuit court for the Eastern district of Tennessee, at Knoxville, Tennessee. The court having control of the main suit has, of course, direct control of the receiver appointed in the case, of all moneys coming to his hands, of the distribution of the same, and of the distribution of all funds derived from the sale of property sold under decrees in the cause.

It follows that if any account is to be taken of the funds that came to the receiver's hands, and of the earnings of the railway property while in the receiver's hands, and of the disposition made of all funds, in order to determine the existence of a priority of any lien, such account should be taken in the main cause, and cannot be taken in any ancillary suit, where the court has no possession of the fund. For instance, on this hearing, it is admitted that $75,000 came into the hands of the receiver on his taking possession of the railway property, and that the same were earnings of the property prior to the receivership. This fund was confessedly subject to the liens for labor and supplies by which it was earned, and has been largely, if not entirely, so applied by the court in the main cause. Now, if any one has a lien on such fund, or on the property of the company by reason of such fund, say for a judgment recovered against the company prior to the receivership, an accounting and marshaling of liens must be had, and such accounting and marshaling can only be had in one court, or inextricable confusion would result. So far, therefore, as petitioner's right to be paid depends upon any equity resulting from the receivership, or the management and disbursement of funds coming to the hands of the receiver, we can give him no relief, and can only refer him to the consideration of the circuit court at Knoxville.

In the original decree of foreclosure, rendered in the main suit, it was ordered as follows:

"And the purchasers of said property at said sale shall, as a part of the consideration of the purchase, and in addition to the sum bid, take the said property upon the express condition that he or they will pay off, satisfy, and discharge any and all claims now pending and undetermined in either of said courts accruing prior to the appointment of the receiver therein, or during the receivership, which may be allowed or adjudged by this court, as prior in right to said respective mortgages."

In the decree of March 27, 1886, in this court, ratifying and adopting the decree of foreclosure rendered in the main suit, it was, among other things, decreed, as follows:

"That the aforesaid decree, and this decree, shall be so construed as that all claims and interventions now pending in this cause in this court, and heretofore or hereafter declared by this court to be liens on said property prior in right to the said mortgages, and all costs allowed by this court, shall be paid by said purchasers, in addition to all other sums in said original decree specified."

In the decree confirming the sale in the main suit, and adopted in this court, July 30, 1886, it is provided—

"That the purchasers shall take the said property, and that it be recited in the deed that they do take the property, subject to, and that the said purchasers assume and pay off, any and all debts, claims, and demands, of whatsoever nature, now pending and undetermined in either of said courts, in which original and ancillary bills in this cause are pending, which must be allowed or adjudged by this court, or either of said courts, where ancillary bills are pending, as prior to any right secured under the said consolidated first mortgage."

From these recitals it clearly appears what claims and demands pending in this cause in this court are charges upon the property sold, and are assumed by the purchasers at the foreclosure sale, to-wit, those claims and demands, pending herein, that this court shall adjudge are prior in right to the claims of the mortgage creditors.

There is authority for holding—in fact, it is practically decreed by the supreme court of the United States—that debts contracted by a railroad corporation as a part of the necessary operating expense for labor and supplies, or for necessary equipment or improvement of the mortgaged property, are privileged debts, entitled to be paid out of current income, if the mortgage trustees take possession, or if a receiver is appointed in a foreclosure suit. *Fosdick* v. *Schall*, 99 U. S. 225; *Burnham* v. *Bowen*, 111 U. S. 776, 4 Sup. Ct. Rep. 675. And if current earnings are used for the benefit of mortgage creditors before current expenses are paid, the mortgage security is chargeable, in equity, with the restoration of the fund which has thus been improperly applied to their use.

General creditors of a railroad corporation, which includes those claiming damages for negligence in operating the railway, have never been held as having any privilege on the income of the property, much less on the *corpus* of the property; but there are many cases to the effect that no such privilege or equity exists. *Davenport* v. *Receivers*, 2 Woods, 519; *In re Dexterville Manuf'g Co.* v. *Receiver*, 4 Fed. Rep. 873; *Hiles* v. *Receiver*, 14 Fed. Rep. 141; *Hervey* v. *Illinois Midland Ry. Co.*, 28 Fed. Rep. 169;

*Olyphant* v. *St. Louis Ore & Steel Co.,* **Id.** 729; *Central Trust Co.* v. *Wabash, St. L. & P. Ry. Co.,* Id. 871.

The petitioner's claim against the railroad company is for personal injuries growing out of the negligence of the company's agents more than four years prior to the suit for foreclosure. Neither on principle nor authority can we adjudge such a claim to be prior in right to the mortgage bondholders. Whether or not there may be cases growing out of the circumstances attendant upon the creating of the mortgage, such as the notorious bonding of the property for sums largely in excess of its cost value, in which the mortgagors operating the road ought in equity and good conscience to be held as the mere agent of the mortgage bondholders, it is not necessary to decide in this case.

NEUMAN, J. Having sat with Judge PARDEE on the hearing of this case, I concur both in the reasoning and the conclusions of the foregoing opinion.