CARVER MERCANTILE COMPANY, appellant, *v.* GEORGE B. HULME, respondent.

MERCANTILE CORPORATION. — *Organization authorized.* — *Held,* that a corporation for mercantile purposes can be formed under the authority of that portion of section 446, division 5, Compiled Statutes, which is as follows: "Or of carrying on any other branch of business designed to aid in the industrial or productive interests of the country."

*Constitutionality of section 446, division 5, Compiled Statutes.* — *Held,* that section 446, division 5, Compiled Statutes, concerning the formation of corporations, is not in conflict with section 1889, of the United States Revised Statutes.

*Appeal from District Court, Gallatin County*

CHUMASERO & McCUTCHEON, for the appellant.

The statutes of the United States, after prohibiting the granting of special privileges by territorial legislatures, authorize general laws creating corporations, amongst other things enumerated being that of permitting associations as bodies corporate for mining, manu-

facturing, and "other industrial pursuits." See section 1889, Compiled Statutes, page 29.

July 30, 1886, Congress passed an act, recited on page 31, Compiled Laws of Montana Territory, in which is enumerated certain limitations of the power of territorial legislation, among which there is no limitation in regard to the creation of corporations for "industrial pursuits," or in aid of the same.

The organic act, United States Statutes, section 1851, Compiled Laws, page 17, provides that the legislative power of the territory shall extend to all rightful subjects of legislation not inconsistent with the laws and constitution of the United States. The power to legislate for the general public good is inherent in the people, and is only restricted, in cases of state and territories, by fundamental law. The will of the legislature is the supreme law of the land, and should be enforced except in cases of clear repugnance to fundamental law, or contrary to common right, or impossible to be performed. One of the inherent rights is that of creating corporations, and this right under the organic act is expressly conferred, except that of granting special privileges only. It is only under a restriction specially named or repugnance to fundamental law or common right that there can be any limitation of the power. See *Miners' Bank* v. *Iowa*, 12 How. 1; Cooley's Const. Lim., pp. 106 et seq., and cases cited 201, and notes; *People* v. *Draper*, 15 N. Y. 532, 543; *Beall* v. *New Mexico*, 16 Wall. 535; *Vincennes University* v. *Indiana*, 14 How. 273; *People* v. *Albertson*, 55 N. Y. 54; *People* v. *Briggs*, 50 N. Y. 553; *Stewart* v. *Supervisors Polk Co.*, 1 Am. Rep. 238, 241, 242. In cases of doubt, the decision should be in favor of the validity of the law. *Commonwealth* v. *Erie R. R. Co.*, 1 Am. Rep. 399. Where a corporation has gone into existence and rights have been acquired under it, every presumption should be in favor of the

validity of the law. *Hagerstown Turnpike Co.* v. *Creeger*, 9 Am. Dec. 497. The points made by the court below in deciding this question were: 1. That mercantile pursuits are not industrial; 2. That the legislature enlarged the scope of the act of Congress by inserting the words "in aid of industrial pursuits." We find but one case in which the words "industrial pursuit" have been defined. See *Wells, Fargo, & Co.* v. *N. P. R. R. Co.*, 23 Fed. Rep. 469, in which case Judge Deady says: "The express business is an industrial pursuit, and one which the territorial legislature could provide for the formation of corporations to engage in." We are unable to perceive any substantial difference between the business of express companies and companies formed for mercantile pursuits. The word "industry" is defined by lexicographers to be "habitual diligence in any employment, either bodily or mental," and "industrial," "consisting in industry, pertaining to industry or the arts of industry." See Webster's Dictionary.

SANDERS, CULLEN & SANDERS, for the respondent.

By an act approved March 2, 1867 (14 U. S. Stats. at Large, pp. 426, 427), it was provided: "That the legislative assemblies of the several territories of the United States shall not, after the passage of this act, grant private charters or especial privileges, but they may, by general incorporation acts, permit persons to associate themselves together as bodies corporate for mining, manufacturing, and other industrial pursuits." Being of the opinion that the act of March 2, 1867, curtailed unduly the scope of territorial legislation, on the tenth day of June, 1872, it was amended as it reads in section 1889 of the Revised Statutes of the United States.

Now, this was a clear expression of Congress of its view that up to June 10, 1872, the legislative assemblies had no such power as is involved in permitting the creation

of mer'cantile corporations, and certainly there is nothing in the amendment by Congress which permits such corporations to be created. If Congress had granted to the territorial legislature the power to create mercantile corporations, still the legislature has not done so. There is nothing in section 446, pp. 724, 725, or section 482, to justify the creation of mercantile corporations. The act of Congress permits corporations to be created for industrial pursuits; the act of the legislature undertakes to go further and create corporations, not that follow industrial pursuits, but that are calculated collaterally to aid industrial pursuits. To this extent the legislation is void, for section 1889 commences by forbidding the granting of special privileges or private charters, and the balance of the section is an exact definition of how far the territorial legislatures may go. A corporation possesses no powers except those which the charter of its creation confers upon it, either expressly or as incidental to its very existence. *Dartmouth College* v. *Woodward*, 4 Wheat. 636. The right to corporate power is a special privilege which cannot be assumed without authority from the sovereign power. *State* v. *Bradford*, 32 Vt. 53. The public are interested in restraining corporations to the enjoyment of the precise franchise granted, and the exercise of the powers expressly conferred and powers incidental and essential to the express power. *Hoffman* v. *Hancock Ins. Co.*, 92 U. S. 161; *Bank* v. *Baldwin*, 23 Minn. 168; *Bank* v. *Pierson*, 24 Minn. 140.

DE WOLFE, J. The appellant sued the respondent in the district court of Gallatin County to recover the sum of $646.17, alleged to be due appellant on a balance of account for goods, wares, and merchandise sold and delivered to defendant by George H. Carver & Co. The complaint is in the usual form of an action on account for goods sold and delivered. The defendant further

alleges that plaintiff (appellant) is a corporation duly organized under the laws of Montana Territory, and an assignment to it of the claim sued upon before the commencement of the action. The answer denies all the allegations of the complaint, and denies that plaintiff is a corporation, or that it has legal capacity to sue defendant. The cause was tried by the court without a jury. Upon the trial of the issues thus raised by the pleadings, the plaintiff offered in evidence the articles of incorporation of the Carver Mercantile Company, duly certified by the secretary of the territory; also copy of same articles, duly certified by the county clerk of Gallatin County as correct, and as being of record in the recorder's office of that county. Counsel for defendant objected to the introduction of said articles in evidence. The court sustained the objection, and refused to admit said articles in evidence. After the evidence on both sides was completed, the court filed its written findings of fact and conclusions of law, which, briefly stated, were that the defendant was personally liable on the bill sued for; but the plaintiff was not competent to sue, not being a corporation created by law; the territorial legislature not having the power under act of Congress to provide by law for the formation of trading or mercantile corporations. This is the only question presented by the record; and the appeal is prosecuted for the purpose of having this question determined.

Section 1889 of the Revised Statutes of the United States, as far as it relates to the legality of the corporation now under consideration, is as follows: " The legislative assemblies of the several territories shall not grant private charters or especial privileges; but they may, by general incorporation acts, permit persons to associate themselves together as bodies corporate for mining, manufacturing, or other industrial pursuits." The legislature of the territory, acting under the limitation contained in

this law, or intending to act under its limitation, in 1872 passed a law for the formation of corporations for industrial or productive purposes. Without reciting at length the first section of this act, it enumerates many of the purposes for which corporations may be formed, and among these trading and commercial corporations are not mentioned; but a general clause contained in the section authorizes the formation of corporations for "carrying on any other branch of business designed to aid in the industrial or productive interests of the country, and the development thereof." It is presumed that the corporation plaintiff, if it has any legal or corporate existence, was formed under this general provision of the act above referred to. We know of no other law of the territory under which it could be formed, and the question recurs whether a corporation for mercantile purposes was authorized under this act. And this, in its turn, involves the validity of the act of the legislature, and whether it contravenes the act of Congress referred to. We are referred to only one case in the briefs on either side in which the words "industrial pursuit" have received judicial construction. This was the case *Wells, Fargo, & Co.* v. *Railway Co.*, 23 Fed. Rep. 469, decided in the United States circuit court for Oregon, in which it was held that the express business is an "industrial pursuit," and one which the territorial legislature could provide for the formation of corporations to engage in. It would be somewhat difficult to say in what respect an express business is an industrial pursuit and a mercantile business is not. "Industry" is defined by lexicographers to be "habitual diligence in any employment, either bodily or mental"; and "industrial," as consisting in or pertaining to industry. These definitions are surely as applicable to the sale of goods, which is the chief business of a merchant, as to the transportation of goods, which is the chief business of an express carrier.

They are alike "industrial," and if the legislature could authorize the formation of a corporation for one of these purposes, it could for the other. . Besides this, a fair construction of the act of Congress leads to an opinion that the restrictions imposed by section 1889 were intended rather to prohibit the legislatures of the different territories from granting monopolies than to define for what purposes corporations might be formed under a general law for that purpose. The act itself manifests this intention by denying to the legislative assemblies of the territories the right or power to grant " private charters or especial privileges." It is part of the current history of the time at which this act was passed that in some of the territories abuses and monopolies had grown up under private charters and franchises granted by territorial legislatures, and it was to correct this evil, against which many and loud complaints were made, that Congress passed the law in question. We are therefore of opinion that the law of the territory providing for the formation of corporations does not conflict with the act of Congress; that a mercantile corporation is one formed for an " industrial pursuit "; and as a result of this, the district court erred in refusing to admit in evidence the certificate of the incorporation of the plaintiff. The judgment of the district court must therefore be reversed, and the cause remanded, with directions to the district court to admit the certificate of the incorporation of the plaintiff in evidence.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.