[Civil No. 406.  Filed January 24, 1894.]

[35 Pac. 983.]

## AGUA FRIA COPPER COMPANY, Defendant and Appellant, v. BASHFORD-BURMISTER COMPANY, Plaintiff and Appellee.

1. CLERK OF COURT—DEFAULT—POWER TO ENTER DURING SESSION OF
COURT.—The fact that the court is in session does not deprive the
clerk of the power to enter the default of a defendant.

2. DEFAULT—MOTION TO STRIKE AN ANSWER FILED AFTER ENTRY OF—
EXCUSE FOR DELAY.—An answer filed after entry of default is prop-
erly stricken out on motion in the absence of any excuse for failure
to file the answer within the time allowed by law.

3. SAME—MOTION TO OPEN AND FOR LEAVE TO FILE ANSWER—MUST
SHOW EXCUSE FOR DELAY.—A motion to open a default and permit
answer to be filed is properly denied where there is no excuse or
reason offered why the defendant neglected to answer in the first
instance.

4. CORPORATIONS—VALIDITY OF LAW INCORPORATING — WHO MAY QUES-
TION.—One will not be suffered to obtain goods of another, doing
business as a corporation, and, retaining the goods, defeat a recov-
ery by alleging the illegality of the act under which the corporation
was formed.

5. SAME—MERCANTILE PURPOSES—REV. STATS. ARIZ. 1887, TIT. XII,
CHAP. 2, NOT IN CONFLICT WITH REV. STATS. U. S., SEC. 1889—INDUS-
TRIAL PURSUITS.—The act of the territorial legislature, *supra,*
authorizing the formation of corporations for mercantile purposes, is
not in conflict with section 1889 of the Revised Statutes of the
United States, *supra,* the term "mercantile business" being embraced
in the words "industrial pursuits," as used in said statute.

6. Account Stated—Defenses—Necessity for Presenting Account for Payment before Suit Filed.—That an account was not presented to appellant for payment before suit was filed is no defense to an action upon an account stated.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. John J. Hawkins, Judge. Affirmed.

The facts are stated in the opinion.

J. F. Wilson, for Appellant.

Herndon & Norris, for Appellee.

An answer filed out of time, and without leave or consent, is no answer, and need not be noticed. The cause stands for hearing on default. *Luke* v. *Johnny,* 9 Kan. 511.

This action was for a balance due on account for goods, wares, and merchandise. The clerk was authorized to enter the default. Rev. Stats. Ariz., secs. 807, 808.

An affidavit of merits is indispensable in an application to set aside default. *Nevada Bank* v. *Dresbach,* 63 Cal. 324.

Filing an answer after a default has been entered does not affect the default. *Irvine* v. *Davy,* 88 Cal. 495, 26 Pac. 506.

Defendant claims that plaintiff is a mercantile corporation, and that the law of this territory does not authorize a corporation for such purpose.

Chapter 2, title XII, authorizes such a corporation; and we do not deem it necessary to discuss this proposition. We do say, however, that if defendant bought goods from this corporation it does not lie in its mouth to now dispute the authority of the plaintiff to sell the goods.

The ruling of a trial court on a motion to set aside a default is largely a matter of discretion, and such ruling will not be disturbed unless the discretion has been abused. *Hoag* v. *Old People's Mut. Ben. Soc.,* 1 Ind. App. 28, 27 N. E. 438; *Carr* v. *School Dist. of Belton,* 42 Mo. App. 154; *Garner* v. *Erlanger,* (Cal.) 24 Pac. 805.

The affidavit fails to show that defendant suffered default by "Mistake, inadvertence, surprise, or excusable neglect," and without such showing defendant has no standing in this court. *Skinner* v. *Terry,* 107 N. C. 103, 12 S. E. 113.

BAKER, C. J.—Plaintiff below instituted suit upon a stated account, to recover a balance of $421.10. The time for answering having expired, the clerk entered the default of the appellant, who, of course, was the defendant. Subsequently to such entry of default, the appellant filed its answer, consisting of an exception to the complaint, a motion to make more definite, and a general denial. Upon motion, this answer was stricken from the files, or, which is virtually the same thing, set aside, for the reason that it was filed·after the time had expired for answering, and a default had been entered. This action of the court is assigned as error. The appellant did not offer any excuse whatever why it had not filed the answer within the time allowed by law. It assumed, as a matter of course, that the court would set aside the entry of default made by the clerk, and suffer it to answer without first showing any diligence upon its part. The fact that the court was in session did not deprive the clerk of the power to enter the defendant's default. It was not a judgment. The court afterwards entered that. To set aside or strike the answer from the files, under these circumstances, was not error. The appellant subsequently—to wit, July 11, 1893—moved the court to open the default and permit the answer to be filed. This motion was denied, and this action of the court is assigned as error. But, again, the appellant failed to offer any excuse or reason why it had neglected to answer in the first instance. Apparently, it did not propose to excuse its delay at all; as if this was an inquiry with which the court had nothing to do. But the court did offer to permit the appellant to appear and defend, if it would file an affidavit of merits. Treating this motion itself as an affidavit of merits (there being no other paper which it is possible to so designate), it claims that inasmuch as the suit is upon a mercantile account, and as the appellee is a mercantile corporation organized·under the laws of this territory, it can have no valid existence, because the act of the territorial legislature (Rev. Stats. Ariz. 1887, title XII, chap. 2) authorizing the formation of corporations for mercantile purposes is in conflict with section 1889 of the Revised Statutes of the United States, which is as follows: "The legislative assemblies of the several territories shall not grant private charters or special privileges, but may, by general incorporation acts, permit

persons to associate themselves together as bodies corporate, for mining, manufacturing, and other industrial pursuits; and for conducting the business of insurance, banks of discount, and deposit, (but none of issue,) loan, trust, and guarantee associations, and for the construction and operation of railroads, wagon-roads, irrigating ditches, and the colonization of lands in connection therewith, or for colleges, seminaries, churches, libraries, or any other benevolent, charitable, or scientific association.''

It is hardly possible that one will be suffered to obtain the goods of another, doing business as a corporation, and, retaining the goods, defeat a recovery by alleging the illegality of the act under which the corporation was formed. We do not care to countenance such a result. But it is evident that the territorial act is not in conflict with said section 1889 of the Revised Statutes of the United States. The term ''industrial pursuit,'' for which the legislature may authorize corporations to be formed, is a very broad expression. For instance, it was decided by Judge Deady in *Wells, Fargo & Co.* v. *Northern Pacific R. R. Co.,* 23 Fed. 469, that the express business was an ''industrial pursuit'' within the meaning of that term. Just why the sale of goods, mining supplies, etc., should be less ''industrial'' than the express business would, in our opinion, be difficult to maintain. Besides, Congress, in enacting section 1889, was endeavoring to prevent the granting of monopolies and special privileges, rather than specifying all the purposes for which corporations might be formed. And then, too, the mercantile besiness is certainly industrial; it is embraced in the words ''industrial pursuits,'' according to their popular or ordinary usage. These views will be found in *Carver Mercantile Co.* v. *Hulme,* 7 Mont. 566, 19 Pac. 213; *Wells, Fargo & Co.* v. *Northern Pacific R. R. Co.,* 23 Fed. 469. The objection that the account was not presented to appellant for payment before suit is without merit. If, then, we consider this motion as an affidavit of merits, the matter therein set up constitutes no defense. We see no error in the record; and as the court properly denied this motion, and proceeded to judgment upon proofs, the judgment is affirmed.

Sloan, J., and Rouse, J., concur.