FARMERS' LOAN & TRUST CO. v. NORTHERN PAC. R. CO. et al.

(Circuit Court of Appeals, Ninth Circuit.   February 23, 1897.)

INSOLVENT RAILROAD COMPANIES—PREFERENTIAL CLAIMS—JUDGMENTS FOR PERSONAL INJURIES.

A judgment creditor of a railroad corporation, whose claim originated in the negligent act of the corporation's servants, is not entitled to be paid in preference to the holders of pre-existing liens upon the corporation's property.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Crowley & Grosscup and John B. Allen, for appellant.
Carr & Preston and S. H. Piles, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge.    On October 1, 1889, J. B. Irvine, the petitioner, sustained a personal injury, resulting from the negligence of an engineer of the Northern Pacific Railroad.    On April 17, 1893, the petitioner recovered a judgment against the railroad company for $600 and costs on account of the injury.    On October 30, 1893, the appellant, as the trustee of certain bonds of the railroad company, instituted a suit to foreclose the mortgage liens which had been placed upon the railroad property to secure said bonds. In the foreclosure suit receivers were appointed to take possession of and manage and operate the mortgaged property.    On May 13, 1896, the petitioner intervened in said foreclosure suit by filing a petition, in which he alleged that he had recovered the judgment above referred to, and prayed for an order that the receiver pay his claim in full.    The trust company answered the petition, alleging that the incumbrances which it sought to foreclose were existing liens upon the railroad company's property at and prior to the time when the negligent act occurred upon which the plaintiff's judgment was based, and alleging that the mortgaged property was insufficient to pay the mortgage debt.    The petitioner demurred to the answer, and the court below sustained the demurrer, and made an order directing the receiver to pay the petitioner's judgment out of the funds in his hands as such receiver.    The trust company appeals from this order, and contends that the funds out of which the receiver was ordered to pay the judgment were subject to the prior and superior liens of the mortgage bonds and the interest thereon. The question which is presented, therefore, is whether a creditor of a railroad corporation, whose claim originated in the negligent act of the corporation's servant, shall be paid in preference to the holders of pre-existing liens upon the corporation's property.    We hold that such a judgment creditor is not entitled to be preferred to the lien holder, under the authority of Trust Co. v. Riley, 16 C. C. A. 610; 70 Fed. 32, Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 74 Fed. 431, and Whiteley v. Trust Co., 22 C. C. A. 67, 76 Fed. 74.    The order appealed from will be reversed, at the appellee's costs.