FARMERS' LOAN & TRUST CO. v. NESTELLE.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1897.)

No. 323.

RAILROADS—PRIORITY OF LIENS—JUDGMENTS FOR PERSONAL INJURIES.

    A judgment against a railroad company for damages for an injury caused by its negligence does not take precedence of the lien of a previously existing mortgage. Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 79 Fed. 227, followed.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Crowley & Grosscup and John B. Allen, for appellant.

Carr & Preston and S. H. Piles, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. On January 12, 1890, Mrs. Levinia Nestelle, while a passenger on one of the trains of the Northern Pacific Railroad, sustained an injury. She subsequently died, and her husband, L. W. Nestelle, petitioner herein, thereafter brought

an action against the railroad company for the injuries received by his wife through its negligence, and recovered a judgment for $500 and costs. On October 30, 1893, the Farmers' Loan & Trust Company, appellant herein, instituted foreclosure proceedings against the Northern Pacific Railroad Company, and receivers were appointed to take possession of, manage, and operate the property of said railroad company. L. W. Nestelle intervened in said foreclosure proceedings, and on April 1, 1896, the circuit court made an order directing the receiver to pay the judgment obtained by Nestelle against the railroad company, with interest and costs. This appeal is taken from that order. The judgment in favor of Nestelle was obtained prior to the appointment of the receiver. Upon the principles announced in Farmers' Loan & Trust Co. v. Northern Pac. R. Co. (No. 319) 79 Fed. 227, and the authorities there cited, the order of the circuit court is hereby reversed, with costs in favor of the appellant.