## FRONT STREET CABLE RY. CO. v. DRAKE, U. S. Marshal.

(Circuit Court, D. Washington, N. D. October 29, 1897.)

1. RECEIVERSHIPS—JUDGMENTS—PREFERRED CLAIMS—DISCRETION OF COURT.

The court has no discretion to allow, as a preferred claim against a mortgaged street railway, a judgment for damages rendered prior to the appointment of the receiver. Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 24 C. C. A. 511, 79 Fed. 227, and Farmers' Loan & Trust Co. v. Nestelle, 25 C. C. A. 194, 79 Fed. 748, followed.

2. MORTGAGE—EXTENSION OF MORTGAGED PREMISES.

An extension of a street railroad is covered by a mortgage on such railroad, executed prior to the building of such extension.

This cause was heard on the petition of Christopher B. Dudley to establish priority over the mortgage of a judgment in his favor given for damages on account of a personal injury caused by negligence in the operation of the Front Street Cable Railway, prior to the appointment of a receiver herein.

L. H. Wheeler, for petitioner.

E. C. Hughes, for receiver.

HANFORD, District Judge. Recent decisions of the circuit court of appeals for the Ninth circuit, reversing judgments of this court, which allowed claims for damages caused by negligence in the operation of mortgaged railroads to be paid as preferential claims, leave to this court no discretion. The claim to priority in every such case must be disallowed. Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 24 C. C. A. 511, 79 Fed. 227; Farmers' Loan & Trust Co. v. Nestelle, 25 C. C. A. 194, 79 Fed. 748.

The petitioner, however, has introduced evidence tending to prove that, after the date of the mortgage upon the property of the Front Street Cable-Railway Company, the turntable at the southern terminus of the railway, and the track originally placed in Front street between said turntable and Cherry street, were taken up, and a new track and cable railway was constructed from the foot of Cherry street through Commercial street to King street, and a new turntable constructed there, and it is claimed that the mortgage does not cover this extension. The mortgage, however, does cover all after-acquired equipments and the franchises of the company. It will be impossible to operate the railway if the extension should be severed from that part of it which was constructed and in use prior to the date of the mortgage, and it will be impossible to sell the extension separately from the rest of the Front Street Cable-Railway property, without impairing the value of both parts to such an extent as to destroy the security. I hold that the security of the mortgage bondholders cannot be impaired by additions to the mortgaged property. If the owner of a house or building should give a mortgage upon it, and afterwards build an addition to such house or building, or otherwise increase the value of the mortgaged premises by betterments which could not be severed from the property as it existed at the time of giving the mortgage, without destroying the security, certainly the mortgagee would be entitled to claim a lien upon the entire premises,

including the additions and betterments. The mortgage in this case had attached prior to the inception of any right of the petitioner. Therefore, according to the decisions of the circuit court of appeals for this circuit, he cannot claim priority over the mortgage.