CENTRAL TRUST CO. OF NEW YORK et al. v. WARREN.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

No. 863.

1. STREET RAILROADS—INJURIES—JUDGMENTS—PRIORITY OF LIEN—STATUTES—APPLICATION.

Comp. St. Mont. 1887, div. 5, § 707, providing that a judgment against "any railway corporation" for any injury to person or property shall be a lien within the county where recorded superior to the lien of any mortgage or trust deed on the railroad property, being a part of a statute which applies solely to commercial railroads, does not apply to street railroads.

2. SAME—INCORPORATION.

Comp. St. Mont. 1887, div. 5, c. 25, § 446, relating to the organization of corporations for industrial and productive purposes, and providing that three or more persons who may desire to form a company for the purpose of carrying on any branch of business designed to aid in the industrial or productive interests of the country and the development thereof, or of any of the previously designated branches of business, may incorporate by filing articles, etc., authorizes the formation of a corporation to own and operate a street railway.

3. SAME—CORPORATE MORTGAGES—ALIENATION OF FRANCHISE.

The execution of a mortgage by a street railway corporation in due course of business, while the company was solvent, did not constitute a violation of Const. Mont. art. 15, § 17, prohibiting the alienation of any franchise so as to release or relieve the same or property held thereunder from any of the liabilities of the grantor incurred in the operation or enjoyment of the franchise, though such mortgage on the subsequent insolvency of the corporation might operate to prevent the payment of a judgment for injuries subsequently recovered.

Appeal from the Circuit Court of the United States for the District of Montana.

In the year 1901 John W. Warren, the appellee, was the plaintiff in a case in the district court of the First Judicial District, in the state of Montana, against the Helena Power & Light Company, a corporation, one of the appellants herein, the defendant in that action, to recover the sum of $5,000 for personal injuries sustained by the plaintiff on the 15th day of August, 1900, by reason of the alleged negligence of the defendant in operating one of its cars on a street railroad owned and operated by the defendant in the city of Helena, in the state of Montana. In this action Warren recovered a judgment on June 4, 1901, against the Helena Power & Light Company for $2,500, together with costs amounting to $134.80. On the 15th day of October, 1901, the Central Trust Company of New York, the other appellant in this case, instituted the present action against the Helena Power & Light Company to foreclose a mortgage or deed of trust executed by the latter company on January 1, 1895, to secure the payment of certain coupon bonds issued by the company to the amount of $425,000. John W. Warren was made a party defendant to the suit, upon the allegation in the bill of complaint that he had or claimed to have some interest in or lien upon the real property of the Helena Power & Light Company, and it was alleged that his claim or lien was subsequent to the lien of mortgage or deed of trust. Warren was served with a subpœna in the action, and appeared and filed his answer to the bill of complaint, setting up the judgment obtained by him against the Helena Power & Light Company in the state court, and alleging that the said company had at all times since the 1st day of January, 1895, and down to the time of the filing of the complaint, been engaged in operating lines of street railway in and over the streets of said city of Helena, in the state of Montana, and furnishing electric and gas light to the city of Helena and the inhabitants thereof, the electric light being furnished

by means of wires strung through the streets of the said city, and the gas by means of pipes and mains laid in the streets of said city, and that the company had for such purpose occupied the streets and conducted the said business under franchises granted to it by the said city under authority of acts of the Legislature of the state of Montana, and under franchises granted to it by virtue of the general laws of that state.

The bill of complaint was taken as confessed by the defendant the Helena Power & Light Company, and upon the answer of the defendant Warren a motion for decree notwithstanding his answer was made by the complainant. This motion the circuit court denied, and afterwards, on the 2d day of April, 1902, a decree was entered reciting that on and prior to January 1, 1895, the Helena Power & Light Company was, and at the date of the decree still continued to be, a corporation duly created and existing under and pursuant to the laws of the state of Montana; that the mortgage or deed of trust set forth in the bill of complaint bearing date January 1, 1895, was a valid and subsisting mortgage, and constituted a valid and subsisting lien on the mortgaged property, premises, and franchises, subject only to the lien of the judgment of the defendant John W. Warren upon the real estate of the defendant the Helena Power & Light Company; that the claim of the defendant Warren was a lien upon the real property of the Helena Power & Light Company prior to the lien of said mortgage or deed of trust; and after ordering the foreclosure of said mortgage or deed of trust, and the sale of the property therein mentioned, it was provided in the decree that the proceeds of such sale, after deducting the costs of suit and expenses of such sale, should be applied to the payment in full of the judgment of the defendant John W. Warren in the sum of $2,663.89, with interest thereon to the date of payment from the date of decree at the rate of 8 per cent. per annum. Thereupon the appellants took the present appeal to this court from such part of said decree as adjudged that the claim of the appellee Warren was a prior lien to the mortgage or deed of trust, and whereby it was ordered that the judgment of the appellee Warren should be satisfied from the proceeds of the foreclosure sale before the payment of the amount found due upon the mortgage or deed of trust.

Butler, Notman, Joline & Mynderse and H. G. & S. H. McIntire, for appellant Central Trust Co.

H. S. Hepner, for appellant Helena Power & Light Co.

T. J. Walsh, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

Section 707 of the fifth division of the Compiled Statutes of Montana of 1887 (section 914 of the Civil Code, approved February 19, 1895) provides as follows:

"A judgment against any railroad corporation for any injury to person or property, or for materials furnished, or work or labor done upon any of the property of such corporation, shall be a lien within the county where recorded on the property of such corporation, and such lien shall be prior and superior to the lien of any mortgage or trust deed provided for in this act."

In Massachusetts Loan & Trust Co. v. Hamilton, 32 C. C. A. 46, 88 Fed. 588, this court had occasion to consider this statute in a similar case, and held that it was not applicable to corporations formed for the purpose of operating street railways, and that a judgment rendered against a street railway corporation for personal injuries had no priority over the existing lien of a mortgage upon the corporate property. In that case the street railway company was a cor-

poration organized under the laws of the state of New Jersey, while in the present case the Helena Power & Light Company is a corporation organized under the laws of Montana. Does this fact make any difference in the application of the statute? We think not. The statute in question is section 707 of an act of the territory of Montana entitled "An act in relation to railroads," consisting of six sections. This act was in force when the Helena Power & Light Company was incorporated prior to January 1, 1895, and it is claimed by the appellee that the company was incorporated under this statute, and that the mortgage or trust deed became subject to its provisions. In Massachusetts Loan & Trust Co. v. Hamilton, supra, Judge Hawley, in delivering the opinion of this court, entered into an elaborate discussion of the entire "act in relation to railroads," and, after carefully considering all its provisions and relation to other legislation, reached the conclusion that the entire act, and each of its sections, was intended by the Legislature to relate to the railroads of commerce, and not to the street railways. We have carefully reviewed that opinion in the light of the argument submitted by counsel with respect to the question now presented, and have reached the conclusion that the opinion is a correct interpretation of the statute. As said by the court in that case:

"We have no power to insert 'street railways' into this section of the act, with the knowledge we have that all the other provisions of the act refer in clear, plain, and unequivocal terms to other kinds of railways or railroads. Especially is this true when we find acts passed at the same session where the word 'street' is used as a prefix to the word 'railway' or 'railroads' in all acts intended to apply to street railroads. It is true that the courts may in certain cases impute a legislative intent not expressed with perfect clearness, where the words used import such intent, either necessarily or by a plain and manifest implication. But it would be a dangerous exercise of judicial authority, not to be justified by any consideration, for a court to declare a law by the imputation of intent, when the words used do not import it, either necessarily or by plain implication, and when all the surroundings of the enactment clearly show that the construction claimed could not have been within the legislative thought."

It follows that, in our opinion, the Helena Power & Light Company was not incorporated under this statute, and that the mortgage or trust deed is not subject to its provisions. We are further confirmed in this conclusion by the fact that section 446 of chapter 25 of division 5 of the Compiled Statutes of Montana of 1887 provides sufficient authority for the incorporation of this company. The title of the chapter is "Corporations for Industrial or Productive Purposes," and section 446 reads:

"At any time hereafter any three or more persons who may desire to form a company for the purpose of carrying on any kind of manufacturing, mining, mechanical, or chemical business; of digging ditches, of building flumes or running tunnels, of purchasing, holding, developing, improving, using, leasing, selling, conveying or otherwise disposing of water powers and the sites thereof, and lands necessary or useful therefor, or for the industries and habitations arising or growing up, or to arise or grow up, in connection with or about the same; of purchasing, holding, laying out, platting, developing, leasing, selling, dealing in, conveying or otherwise using or disposing of townsites, or towns, or the lots, blocks, or subdivisions thereof, or lots, blocks, or subdivisions in any town, village, or city, or of carrying on any

other branch of business designed to aid in the industrial or productive interests of the country and the development thereof, or of one or more of the aforesaid branches of business, may make, sign and acknowledge before some officer competent to take acknowledgments of deeds, and file in the office of the clerk of the county in which the business of the company shall be carried on, and a duplicate thereof in the office of the secretary of the territory, a certificate in writing," etc.

The remainder of the section and the following sections of the chapter provide for the formation of the corporation, place of business, officers' liability, etc. The authority of the territory to enact this statute was derived from section 1889 of the Revised Statutes of the United States, which provides that "the legislative assemblies of the several territories shall not grant private charters or special privileges, but they may by general incorporation acts permit persons to associate themselves together as bodies corporate for mining, manufacturing, or other industrial pursuits. * * *" The authority to form corporations for "industrial pursuits" has been held sufficient to authorize the formation of a corporation to carry on the express business (Wells, Fargo & Co. v. Northern Pacific Ry. Co. [C. C.] 23 Fed. 469), and to form corporations to carry on the mercantile business (Carver Mercantile Co. v. Hulme, 7 Mont. 571, 19 Pac. 213; Bashford-Burmister Co. v. Agua Fria Copper Co. [Ariz.] 35 Pac. 983). The formation of a corporation for the purpose of owning and operating a street railway is certainly as much an industrial pursuit as an express company or a mercantile business, and, more than either, is within the authority of a statute providing for an incorporation to carry on any "branch of business designed to aid in the industrial or productive interests of the country and the development thereof." This statute does not provide that a judgment for an injury to person or property shall be a prior and superior lien to that of a mortgage or trust deed, and, in the absence of such a provision, the priority does not exist under the general law. Central Trust Co. of New York v. East Tennessee, etc., R. Co. (C. C.) 30 Fed. 895; Farmers' Loan & Trust Co. v. Green Bay, etc., R. Co. (C. C.) 45 Fed. 664; St. Louis Trust Co. v. Riley, 16 C. C. A. 610, 70 Fed. 32, 30 L. R. A. 456; Farmers' Loan & Trust Co. v. Northern Pacific R. Co (C. C.) 74 Fed. 431.

It is further contended by the appellee that the priority of his judgment is secured to him under section 17 of article 15 of the Constitution of Montana. That section provides as follows:

"Sec. 17. The legislative assembly shall not pass any law permitting the leasing or alienation of any franchise so as to release or relieve the franchise or property held thereunder from any of the liabilities of the lessor or grantor or lessee or grantee contracted or incurred in the operation, use, or enjoyment of such franchise, or any of its privileges."

In what respect this prohibition upon the power of the legislative assembly has been violated by legislative act is not pointed out, and our attention has not been called to any statute enacted by the legislative assembly which this provision of the Constitution forbids. But, assuming that the prohibition applies directly, without legislation, to the leasing or alienation of a franchise contrary to the terms of the prohibition, the question arises, what act in this case is claimed

to be prohibited by the Constitution? It must be, if anything, the act of releasing or relieving the franchise and the property held thereunder from a liability of the grantor incurred in the operation, use, and enjoyment of the franchise. But in what respect did the execution of the mortgage or trust deed in this case release or relieve the grantor from such liability? The giving of a mortgage does not relieve or release the grantor or the property held thereunder from any liability; it merely provides a security for the debt for which the mortgage is given, and whatever other liability there may be remains as before. If the value of the franchise or property held thereunder is sufficient, all liabilities, including the mortgage debt, will be paid in their order, and paid in full. Whether any debt or liability will be paid depends upon the solvency of the corporation and the value of its property, and not upon the terms of the conveyance to the mortgagee. There is no relieving or releasing the franchise or the property held thereunder from any liability unless the mortgagor is insolvent, or unless the mortgage is given in anticipation of insolvency. But no such condition of the mortgagor at the time the mortgage was executed is alleged or claimed in this case. The mortgage was given for a valuable consideration and in due course of business, and it is not alleged that it was given for the purpose of hindering or delaying other creditors. It is true it is alleged in the bill of complaint that the mortgagor is insolvent, but this allegation has reference to the date when the bill was filed, on October 15, 1901, and not to the date when the mortgage was given, on January 1, 1895. For all that appears in this record, the mortgagor was solvent when the mortgage was given, and was also solvent when the appellee recovered his judgment, on June 4, 1901. There is, therefore, no act alleged tending to show that the mortgage was intended to release or relieve the franchise or the property held thereunder from the liability of the judgment obtained by the appellee, or that the enforcement of the mortgage lien was intended to have that effect. Indeed, it is clear that the right claimed by the appellee to have his judgment declared a prior lien to that of the mortgage is not provided for in the section of the Constitution under consideration. The section does not deal with the priority of liens, but has a different purpose, as has been determined by the Supreme Court of California in Lee v. Southern Pacific R. R. Co., 116 Cal. 97, 100, 47 Pac. 932, 38 L. R. A. 71, 58 Am. St. Rep. 140, where a similar provision of the Constitution of the State of California was under consideration.

The decree of the Circuit Court is reversed in so far as it provides that the judgment in favor of the appellee is a lien upon the real property of the Helena Power & Light Company prior to the lien of the mortgage or deed of trust in favor of the Central Trust Company of New York.