PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York.   May 25, 1908.)

RECEIVERS (§ 158*)—INSOLVENCY AND RECEIVERS—PRIORITY OF LIENS.

In insolvency proceedings against street railroad companies, claims for torts committed prior to the appointment of receivers have no equity which entitles them to priority over mortgage liens, but rank with general unsecured claims.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 158.*]

In Equity.

Byrne & Cutcheon, for complainants.
Masten & Nicolls, for defendants.

LACOMBE, Circuit Judge.   These are two separate applications. The first is by Charles Benner and others that as "a tort creditors' committee" they be admitted as a party defendant in this cause, with liberty to plead and be heard and to receive notice of all proceedings.   The other application is, by the same committee, for an order "adopting certain rules and classification, contained in some books relating to street railway accounting, as the basis for classification of claims; also requiring the special masters to report when each claim accrued, and whether or not it is an operating expense; also directing receivers to follow said classification."   The real object of the application is to obtain a ruling by the court as to the status of claims for damages resulting from accidents which happened, before appointment of receivers, from negligent operation of the railways by the defendants, or either, or both of them.   There is no objection to determining the question submitted at this time; indeed, an early determination of it will presumably be to the interest of all parties.

The proposition that claims for torts committed during the operation of the road prior to receivership should be given a preference over the claims of secured creditors has been often presented to the federal courts.   It is unnecessary to add anything to the exhaustive discussion which is found in the opinion of the Circuit Court of Appeals of the Eighth Circuit.   St. Louis Trust Co. v. Riley, 70 Fed. 32, 16 C. C. A. 610, 30 L. R. A. 456.   In the reasoning and conclusions expressed in that opinion I fully concur, and find nothing in any later reports, either of the Supreme Court, or of the Circuit Courts of Appeal, to mod-

ify such conclusions in any way. On the contrary, the following authorities are to the same effect: Veatch v. American Loan & T. Co., 79 Fed. 471, 25 C. C. A. 39; Id., 84 Fed. 274, 28 C. C. A. 384; Atlantic Trust Co. v. Dana, 128 Fed. 209, 62 C. C. A. 657; Atchison, T. & S. F. v. Osborn, 148 Fed. 606, 78 C. C. A. 378; Central Trust Co. v. Warren, 121 Fed. 323, 58 C. C. A. 289; Farmers' L. & T. Co. v. Northern Pac. R. R., 79 Fed. 227, 24 C. C. A. 511.

The application to give certain directions as to accounting, etc., is therefore denied; the tort claims accruing prior to receivership rank with the general unsecured claims, and will be so classified. The committee, however, are allowed to intervene on behalf of themselves and of all others similarly situated, as a party defendant.