PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. GUARANTY TRUST CO. v. SAME.

(Circuit Court, S. D. New York. July 27, 1908.)

JUDGMENT (§ 243*)—PARTIES—DETERMINATION OF VALIDITY OF LEASE—MODE OF ATTACK.

The validity of a lease of street railway lines cannot be determined summarily on a motion by tort creditors of the lessee made in a creditors' suit, but can only be questioned by a plenary suit against all parties in interest.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 428; Dec. Dig. § 243.*]

In Equity. Petition by tort creditors' committee of the New York City Railway Company for various relief.

Byrne & Cutcheon, for Pennsylvania Steel Co.
Masten & Nichols, for receivers of New York City Ry. Co.
Bronson & Winthrop, for Morton Trust Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
Davies, Stone & Auerbach, for Guaranty Trust Co.

LACOMBE, Circuit Judge. The various prayers of the petition may be conveniently disposed of separately.

(C) That it be determined and ordered that the lease made between the Metropolitan Stree Railway Company and the Interurban Street Railway Company, now the New York City Railway Company, "be declared void and contrary to public policy, ultra vires and fraudulent," and (B) that certain references be ordered in connection with such finding. It is not competent for the court to grant such relief summarily on a motion. The questions are such as should be determined only in a plenary suit, to which all parties in interest should be made parties. Motion denied.

(A) That the tort creditors' committee, who have been allowed to intervene in suit first above named, be allowed also to intervene in the suits brought by trustees under the mortgages made by the Metropolitan Street Railway Company. Logically this motion also should be denied, since they do not represent creditors of the principal defendant in these suits. Since, however, they are proposing to attack the validity of the lease by a bill to set it aside, to which suit the mortgage trustees would of course be made parties, it would be a saving of time and expense to all parties if they were allowed to apply for the same relief by cross-bill in the foreclosure suits. They will, therefore, be allowed to intervene solely for the purpose of filing such cross-bills and trying out any issues which may be raised thereon.

(D, E) It was conceded on the argument that the appointment of separate receivers for lessor and lessee would practically eliminate these prayers for relief. The opportunity of being represented at the accounting between the respective receivers will secure all the moving party is entitled to. Motion denied.

(F) That it be decreed that all claims for injuries and damages resulting from operation of the road from February, 1902, to September 25, 1907, be paid prior to any mortgage, rental, or fixed charges. A similar motion was heretofore made and denied (May 25, 1908). 165 Fed. 457. It is again denied, for the reasons stated in the former memorandum.

(G, H) These prayers are too vague and general to call for any discussion. They are denied.