GUARANTY TRUST CO. OF NEW YORK v. METROPOLITAN ST. RY.
CO. et al.

FARMERS' LOAN & TRUST CO. v. SAME.

(Circuit Court, S. D. New York. June 27, 1910.)

1. STREET RAILROADS (§ 58*)—INSOLVENCY—SALE OF ASSETS—POSTPONEMENT.
    Where a corporation, organized to take over and operate a street rail-
    way in the city of New York then in the hands of a receiver, could not
    operate the road until its organization and securities had been approved
    by the Public Service Commission, an application by reorganization com-
    mittees to adjourn a sale of the assets until an application for such
    approval could be acted on will be granted.
    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

2. RECEIVERS (§ 158*)—STREET RAILROADS—INSOLVENCY—PERSONAL INJURY
    CREDITORS—PRIORITIES.
    Personal injury claimants against a street railroad company in the
    hands of a receiver are not preferred creditors.
    [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 158.*]

3. RECEIVERS (§ 158*)—STREET RAILROADS—INSOLVENCY—LEASES—PERSONAL
    INJURY CLAIMANTS.
    Where a street railway company leased its property, which was subject
    to mortgages securing bonds, to an operating company, personal injury
    claimants were only creditors of the lessee, and were not entitled to pay-
    ment as against the holders of the bonds secured by the mortgages.
    [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 158.*]

In Equity. Bills by the Guaranty Trust Company of New York
and by the Farmers' Loan & Trust Company, as successor to the Mor-
ton Trust Company, against the Metropolitan Street Railway Company
and others. On application for an adjournment of the sale of the
railroad company's property. Granted.

L. C. Krauthoff and John C. Spooner, for the application.

LACOMBE, Circuit Judge. This is an application, by the com-
mittee representing both series of bonds and also the joint commit-
tee which has undertaken reorganization, to adjourn the sale until
after their plan of reorganization can be presented to the Public
Service Commission and by it considered. It appears that such plan
can be so submitted by July 11th.

The petition states quite accurately that the railway system can only
be operated by a corporation, and that any new corporation which
might be organized to take it over would have to secure the approval
of the Public Service Commission to the issue of its securities. A
sale of the property, therefore, would not by itself relieve receivers
of the burden of operating it. Some one, of course, must keep the
cars moving, and there is no one else who can lawfully do so until
a qualified corporation appears to undertake the task. It makes no
difference to the receivers or to the court whether the time required
for the consideration of the plan by the Commission is consumed be-
fore or after sale. No doubt the "elements and factors entering into
a consideration of the matter are exceedingly numerous and com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plex"; but it must be remembered that for over two years the Public Service Commission has been gathering voluminous statistics from the records of the old company and from those of the receivers. Consideration of the proposed plan may not take so many months as petitioners anticipate. September 27th would seem an appropriate date to which the sale may be adjourned. The receivership will then be three years old.

This application particularly commends itself to the court, because of the statement it contains as to provision for personal injury claims against the New York City Railway Company. From the very inception of the receivership the situation of this group of creditors has been a matter of much concern. It is well settled under the authorities that they are not preferred creditors. 165 Fed. 457. Moreover, they are not creditors at all of the Metropolitan Street Railway Company, which owned the property, but only of the impecunious lessee which operated the road. These mortgage creditors of the Metropolitan are under no legal obligation to give them any interest in the property covered by the mortgage. That they are willing to treat them as if they were not only creditors of the Metropolitan, but also as if they were creditors holding a first mortgage on its property, is most commendable. It shows an appreciation of fairness and equity which speaks well for the plan, whatever it be, which they are about to submit.