[No. 13703.   Department Two.   August 17, 1917.]

WILLIAM R. CRAWFORD, *Plaintiff*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY *et al.*, *Defendants*, JAMES W. WALL, *by his Guardian etc.*, *Appellant.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—PRIORITY OF CLAIMS—RECEIVERS. A hearing had upon notice to fix the priority of claims in a receivership, raises a mixed question of law, which can be reversed on appeal only by bringing up in the record the facts upon which it is based.

RECEIVERS — PRIORITY OF CLAIMS — DETERMINATION — PLEADINGS. Upon a hearing to fix the priority of claims in a receivership, a written denial of a claim of priority is not necessary, inasmuch as priority will be determined irrespective of any claim made.

RECEIVERS—CLAIMS—PRIORITIES. A claim for personal injuries sustained in the operation of a road prior to a receivership should not be given a preference over prior mortgages.

Appeal from an order of the superior court for King county, Frater, J., entered January 19, 1916, adjudging the priority of claims in a receivership, after a hearing before the court. Affirmed.

[1]Reported in 167 Pac. 44.

*Carkeek & McDonald* and *F. C. Kapp*, for appellant.

*Higgins & Hughes* (*Hyman Zettler*, of counsel), for respondents.

MOUNT, J.—This appeal is prosecuted from an order of the lower court fixing the priority of claims in a receivership.

The facts are in substance as follows: The appellant is a creditor of the Seattle, Renton & Southern Railway Company. He obtained a judgment for personal injuries against that company on the 15th day of March, 1913. In April of that year, he filed with the receivers a claim for the amount of the judgment. In this claim it was stated that, in the month of December, 1911, the road was taken possession of by officials acting for the bondholders of the railway company; that, in January, 1912, appellant was injured by a collision on said road; that, on the 3d day of November, 1912, a judgment was rendered in his favor, which judgment was afterwards set aside and a new trial granted; that, in the meantime, receivers were appointed, who took possession of the road and thereafter defended the action, which resulted in a judgment of $5,487.90, on the 15th day of March, 1913. The claim then recites,

"that by reason of the fact that the injury was received shortly before the appointment of the receiver, as aforesaid, and by further reason of the fact that the injury was received while the road was in the direct control, supervision and operation of the bondholders, this claimant makes a claim against the said road for the sum of $5,487.90 and claims a priority over all claims of any other nature, kind or description, and particularly against all claims of the bondholders, stockholders or mortgagees of said road."

The amount of this claim is not disputed. On October 30, 1914, the appellant was served with a notice that, on November 5, 1914, there would be a final hearing on all claims for the purpose of fixing the amounts and priorities, if not already determined by the court. At this hearing the court determined that there were four classes of claims, designated

as "A," "B," "C," and "D."    Claims in class "A" and "B"
were court costs and expenses of receivership.   The claims
in these classes were adjudged prior to all other claims.   The
claims in class "C" consisted of prior mortgages upon the
property of the railway company, and were ordered paid
prior to the general creditors.   Claims in class "D" were
general creditors of the railway company.   Upon a hearing
of these claims, the court entered an order fixing the priority
of all the claims, and appellant's claim was fixed in class
"D."   He appeals from that order and makes two conten-
tions:   First, that, because there was no written answer to
his verified claim the averments thereof must be taken as
true; and second, that, if taken as true, appellant was en-
titled to priority of payment ahead of the claims of the bond-
holders secured by mortgage upon the property of the rail-
way company.   The appellant has not brought here a state-
ment of facts.   He relies wholly upon the allegations of his
claim and upon the fact that there was no written denial of
the statements therein at the hearing.   The respondent has
brought here a statement of facts certified to by the trial
court.   The appellant has moved to strike this statement of
facts because it was not served as a proposed statement of
facts until eight months after the entry of the order appealed
from.   In the case of *Lauridsen v. Lewis*, 47 Wash. 594, 92
Pac. 440, where the appellant proposed no statement of facts,
and where the respondent did propose a statement of facts,
which was certified, and where a motion was made to strike
the statement of facts, we said:

"It is argued, in effect, that the party who appeals is
alone competent to propose a statement of facts.   Bal. Code,
§§ 5057 and 5058 (P. C. §§ 674, 675), certainly authorize
any party to any action or proceeding, and at any stage
thereof, to propose and cause to be certified a statement of
facts or bill of exceptions."

The sections there referred to are now Rem. Code, §§ 388
and 389.   The opinion in that case does not show when the

statement of facts was proposed by the respondent. We think it is not necessary to pass upon the motion, because it is conceded that the appellant was notified that a hearing would be held by the court at a stated time to fix the priority of claims allowed by the receiver. A hearing was had and, upon such hearing, the court determined that the appellant's claim was not entitled to priority over claims classed as "A," "B," and "C." The determination of the priority of claims was a mixed one of law and fact. It was the duty of the court in determining the priority of claims to determine their character, and in order to do so, to examine into questions of fact as to when, how, and for what purpose the claims originated or the debts they represented were incurred.

"The court in which the receivership is pending may fix priorities as between the parties before it, and the relative dignity or priority of the different claims against property in the hands of a receiver may be settled as well before as after the sale of the property." 34 Cyc. 363.

See, also, 34 Cyc. 346B.

The court no doubt determined the priority of the different claims, both upon questions of fact and of law, and determined that the claim of the appellant was a claim which should be paid along with the general creditors of the railway company. It therefore devolves upon the appellant to bring to this court the record of that proceeding to show that the trial court erred in adjudging his claim one with the general creditors. Since he has not brought the record here, we must assume that the conclusion of the lower court was based upon facts warranting that conclusion, because the appellant must show error. Error may not be assumed.

Appellant insists that, because there was no written answer to his claim, which stated its priority over all other claims, the allegations of the claim must be taken as true. The statute does not require a written answer in such cases, and no case has been cited to us which holds that a verbal

answer is insufficient where the court is authorized to determine the priority of claims. Some cases are cited by the appellant to the effect that, where the amount of a claim is not disputed, it will be taken as confessed. Assuming this to be the rule, it does not follow that, where the court is authorized to determine the priority of claims, a written denial of a claim of priority is necessary, because the court will determine, in considering the priority of claims, the nature and character of the claim, irrespective of whether a claim of priority is made or not. We are of the opinion, therefore, that it was unnecessary to file a written denial of a claim of priority, and that claims of priority are adjusted by the court upon the circumstances of the claim, and not necessarily upon an admission of priority by the receivers.

It is next argued by the appellant that his claim for personal injuries is entitled to priority over a prior mortgage. The great weight of authority is opposed to this contention. In the case of *Gregg v. Metropolitan Trust Co.*, 197 U. S. 183, it was held that claims for supplies furnished a railroad company were not entitled to priority over a mortgage recorded before the contract for supplies was made. The court there said:

"An impression that such a general rule was to be deduced from the decisions of this court led to an evidently unwilling application of it in *New England R. Co. v. Carnegie Steel Co.*, 75 Fed. Rep. 54, 58, and perhaps in other cases. But we are of opinion, for reasons that need no further statement, *Kneeland v. American Loan & Trust Co.*, 136 U. S. 89, 97, that the general rule is the other way, and has been recognized as being the other way by this court.

"The case principally relied on for giving priority to the claim for supplies is *Miltenberger v. Logansport etc. Railway Co.*, 106 U. S. 286. But while the payment of some pre-existing claims was sanctioned in that case, it was expressly stated that 'the payment of such debts stands, *prima facie*, on a different basis from the payment of claims arising under the receivership.' The ground of such allowance as was made was not merely that the supplies were necessary for

the preservation of the road, but that the payment was necessary to the business of the road—a very different proposition. In the later cases the wholly exceptional character of the allowance is observed and marked."

And in *Pennsylvania Steel Co. v. New York City R. Co.*, 165 Fed. 457, it was said:

"The proposition that claims for torts committed during the operation of the road prior to receivership should be given a preference over the claims of secured creditors has been often presented to the federal courts. It is unnecessary to add anything to the exhaustive discussion which is found in the opinion of the Circuit Court of Appeals of the Eighth Circuit. *St. Louis Trust Co. v. Riley*, 70 Fed. 32, 16 C. C. A. 610, 30 L. R. A. 456. In the reasoning and conclusions expressed in that opinion I fully concur, and find nothing in any later reports, either of the Supreme Court, or of the Circuit Courts of Appeal, to modify such conclusions in any way. On the contrary, the following authorities are to the same effect: *Veatch v. American Loan & T. Co.*, 79 Fed. 471, 25 C. C. A. 39; *Id.*, 84 Fed. 274, 28 C. C. A. 384; *Atlantic Trust Co. v. Dana*, 128 Fed. 209, 62 C. C. A. 657; *Atchison, T. & S. F. v. Osborn*, 148 Fed. 606, 78 C. C. A. 378; *Central Trust Co. v. Warren*, 121 Fed. 323, 58 C. C. A. 289; *Farmers' L. & T. Co. v. Northern Pac. R. R.*, 79 Fed. 227, 24 C. C. A. 511.

"The application to give certain directions as to accounting, etc., is therefore denied; the tort claims accruing prior to receivership rank with the general unsecured claims, and will be so classified."

We think the great weight of authority is to that effect. We find no error in the judgment of the trial court, and it is therefore affirmed.

ELLIS, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.